**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

**FILED**

MAR 27 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

ROBERT MICHAEL ARDIS

    Plaintiff/Petitioner

**Complaint for Violation of Civil Rights**

**vs.**

(Non-Prisoner Complaint)

DARLENE DICKEY; WILLIAM
EDDINS; SARAH HARPER-
CRUTCHFIELD; GREGORY
MARCILLE; TIMOTHY
REGISTER; THOMAS
WILLIAMS; JANE DOES
1-10; JOHN DOES 1-10

Case No. 5:23-CV-00150-M

Jury Trial X Yes No

    Defendants/Respondents
_____/

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND OTHER RELIEF

COMES NOW the Plaintiff, ROBERT MICHAEL ARDIS, on his own behalf (herein after referred to as "Petitioner" "Plaintiff" or "Ardis") and respectfully files this Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Other Relief. I come before this Court as a self-represented, *pro se*[1] litigant although I would appreciate it if the Court would Appoint Counsel to represent me in these matters. I am not an attorney and will not present my arguments in the manner that an attorney would do so. By doing this I mean no disrespect towards the Court. I simply feel I can better present my case-in-chief to the Court if I speak like myself in straightforward terms.

---

[1] Please see *Erickson v. Pardus* 551 U.S. 89, 127 S. Ct. 2197 U.S., 2007. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal leadings drafted by lawyers. Pleadings in this case are being filed by the Petitioner *in propria persona*, wherein pleadings are to be considered without regard to technicalities. *Propria* pleadings are not to be held to the same high standards of perfection as practicing lawyers. See *Haines v. Kerner* 92 S. Ct. 594, also See *Powell v. Lennon,* 914 F2d 1459 (11th Cir 1990).

1

TABLE OF CONTENTS

INTRODUCTION..............................................................................................8

VENUE.........................................................................................................11

PARTIES......................................................................................................12

BACKGROUND AND FACTUAL EVENTS SWORN TO UNDER PENALTY OF
PERJURY.....................................................................................................14

ISSUE I-LACK OF PERSONAL JURISDICTION.................................................15

ISSUE II- EXTRADITION WITH SALIENT ELEMENTS OF PERSONAL
JURISDICTION..............................................................................................23

ISSUE III-I WAS NEVER A FUGITIVE FROM JUSTICE....................................25

ISSUE IV-LACK OF SUBJECT MATTER JURISDICTION        ....................................30

ISSUE V-MY CONSTITUTIONAL RIGHTS & PROTECTIONS WERE
        ABROGATED AND THE RESTRICTIONS ON THE
APPELLEES/DEFENDANTS WERE ABSENT.....................................................34

ISSUE VI-THESE MATTERS ARE AN INDELIBLE EXCEPTION TO
YOUNGER AND RELIEF MUST BE GRANTED IN THE
INTERESTS OF JUSTICE    .............................................................................36

SUMMARY AND CONCLUSION......................................................................40

RELIEF SOUGHT..........................................................................................44

**Table of Authorities**

**Cases**                                                    Page(s)

*A Helping Hand, LLC v. Baltimore County* , 515 F.3d 356, 369 (4th Cir. 2008). ..............19

*Appleyard v. Massachusetts*, 203 U.S. 222, 227 (1906)..................... ...........................27, 28

*Atlantic Coast L. R. Co. v. Engineers*, 398 U.S. 281 (1970)............... ... ...........................10

*Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020)..................... ..............50

2

*Baker v. McCollan*, 443 U.S. 137, 144-45, 99 S.Ct. 2689, 2694-95, 61 L.Ed.2d 433 (1979)..................................................................................................................................36

*Barrows v. Jackson*, 346 U.S. 249, 255 (1953)....................................  ............................15

*Brickwood Contrs. v. Datanet Engineering*, 369 F.3d 385 (4th Cir. 2004).....................33

*Buie v. Pigott*, 5 Cir. 1971, 439 F.2d 153.........................................................................40

*California v. Superior Court of California*, 482 U.S. 400 (1987)..............................27, 28

*Chambers v. United States*, Civ. Action No. RDB-16-1238 (D. Md. June 20, 2019).....48

*Chimel v. California*, 395 U.S. 752, 760–61, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).....35

*Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).................................50

*City of Canton*, 489 U.S. at 388, 109 S.Ct. at 1205....................................................45, 46

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998))...............................................................................................................................44

*Colorado River Water Conserv'n Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976))...........................................................................................38

*Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989).......................................................15

*Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009)…......15

*Cotton*, 535 U.S. at 630, 122 S.Ct. 1781.....................................................................31, 32

*Curry v. Beatrice Pocahontas Coal Co.* , 67 F.3d 517, 522 n.8 (4th Cir. 1995)...124, 26, 31, 34, 37, 41

*Daniels v. Twelfth Judicial Circuit*, SC 21-1263 (Fla. Sep. 21, 2021)............................49

*Data Processing Service v. Camp*, 397 U.S., at 152-153.................................................15

*Dawkins v. Green*, 5 Cir. 1969, 412 F.2d 644.................................................................40

*Dennis v. Warren*, 779 F.2d 245, 247 (5th Cir. 1985).....................................................36

*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928 (1975).......................................................10

*Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992)..........................................36

*Dyson v. Stein*, supra........................................................................................................40

3

*Elonis v. United States*, 575 U.S. 723 (2015)..................................................33, 34, 42, 50

*Employers Resource Mgt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).....38

*Ennist v. Baden*, 158 Fla. 141, 28 So.2d 160 (1946)........................... ................................25

*Erickson v. Pardus* 551 U.S. 89, 127 S. Ct. 2197 U.S., 2007.........................................1, 49

*Ex parte Reggel*, 114 U.S., at 652-653..............................................................................27

*Flast v. Cohen*, 392 U.S. 83, 99 n. 20 (1968)....................................................................15

*Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir.2007)....................................44

*Furka v. Great Lakes Dredge Dock Co., Inc.*, 755 F.2d 1085 (4th Cir. 1985)...................50

*Golden ex rel. Balch v. Anders*, 324 F.3d 650, 652–53 (8th Cir.2003)..............................45

*Gornto v. Thomas*, 5 Cir. 1971, 439 F.2d 1406..................................................................40

*Haines v. Kerner* 92 S. Ct. 594...................................................................................1, 49

*Harvard v. Singletary*, 733 So.2d 1020 (Fla. 1999)............................................................49

*Hawaii Housing Auth. v. Midkiff* 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984))...............................................................................................................................38

*Hormel v. Helvering*, 312 U.S., at 557...............................................................................15

*Howell v. Barker*, 904 F.2d 889 (4th Cir. 1990)..................................................................49

*Hyatt v. Corkran*,   188 U.S. 691.................................................................................29, 30

*In Matter of an Application of U.S.,* 849 F. Supp. 2d 526 (D. Md. 2011)...........................35

*Jones v. Helms*, 452 U.S. 412, 419 (1981).........................................................................27

*Jordan by Jordan v. Jackson*, 15 F.3d 333 (4th Cir. 1994).................................................45

*Kentucky v. Dennison*, 24 How. 66, 100 (1861))................................................................27

*Louisville Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)..............................................33

*McClellan v. Garland*, 217 U.S. 268, 282 (1910)...............................................................10

*Mitchell v. Aluisi*, 872 F.2d 577, 581 (4th Cir. 1989)..........................................................46

*Munsey v. Clough*, 196 U.S. 364 (1905).............................................................................29

4

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).................................................38, 46

*Noble v. Barnett*, 24 F.3d 582, 587 n. 6 (4th Cir. 1994).......................................................49

*North Carolina v. Hall*, 28 L.R.A. 289......................................................................................29

*Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v.City of Jacksonville, Fla*., 896 F.2d 1283, 1285 (11th Cir. 1990)...................................................................................50

*Nw. Mut. Life Ins. Co. v. Moore*......................................................................................33

*Osborn v. State*, 128 Fla. 488, 176 So. 55 (1936).................................................................25

*Ostergren v. Cuccinelli*, 615 F.3d 263 (4th Cir. 2010)........................................................37

*Peoples v. City of Birmingham*, 5 Cir. 1971, 440 F.2d 1352..............................................40

*Powell v. Lennon*, 914 F2d 1459 (11th Cir 1990)...........................................................1, 10

*Reed v. Giarrusso*, 462 F.2d 706 (5th Cir. 1972)................................................................40

*Richmond, Fredericksburg Potomac R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993).....37

*Roberts v. Reilly*, 116 U.S., at 97 ....................................................................................27, 28

*Roberts*, 116 U.S. at 97, 6 S.Ct. at 300.................................................................................28

*Roberts v. Reilly*, supra.............................................................................................................27

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)................................................................................................................................31, 47

*Sheridan v. Garrison*, 5 Cir. 1969, 415 F.2d 699................................................................40

*Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)................15

*Star-Satellite v. Rosetti*, 5 Cir. 1971, 441 F.2d 650.............................................................40

*State v. Cox*, 306 So. 2d 156 (Fla. Dist. Ct. App. 1974).......................................................25

*State v. Crocker*, 612 S.E.2d 890, 894 (S.C. Ct. App. 2005).........................................23, 44

*State ex rel. Florio v. McCreary*, 123 Fla. 9, 165 So. 904 (1936).......................................25

*State ex rel. Stringer v. Quigg*, 91 Fla. 197, 203, 107 So. 409, 411 (1926).......................25

*Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)................................................................................................................................31, 32

5

*Strassheim v. Daily*, 221 U.S. 280, 285 (1911)..........................................................27, 28, 29

*Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir.), cert. denied,—— U.S. ——, 133 S.Ct. 124, 184 L.Ed.2d 27 (2012)............................................................................................................45

*Tisdale v. Nadramia*, C/A No. 3:11-647-MBS (D.S.C. Mar. 5, 2012)................15, 43, 47

*Turner v. City of Memphis*, 369 U.S. 350 (1962)..................................................................15

*United States v. Atkinson* , 297 U.S. 157, 160 (1936)..................................................42, 43

*United States v. Barge Shamrock*, 635 F.2d 1108 (4th Cir. 1980)....................................50

*United States v. Cotton*, 535 U.S. 625 (2002)....................................................................33

*United States v. De La Luz Perez*, 752 F.3d 398 (4th Cir. 2014).......................................22

*United States v. Durcan*, 539 F.2d 29 (9th Cir. 1976)........................................................28

*United States v. Hall*, 551 F.3d 257, 266 (4th Cir. 2009)..................................................37

*U.S. v. Hartwell*, 448 F.3d 707 (4th Cir. 2006)..........................................31, 32, 33, 47, 48

*United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)...36

*United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983).......................12

*United States v. Morgan*, 346 US 502 (U.S. Sup. Ct. 1954)..............................................55

*United States v. Olano*, 507 U.S. 725 (1993)............................................................. 42, 43

*United States v. Parker,* 36 F. Supp. 3d 550 (W.D.N.C. 2014).........................................33

*United States v. Rabinowitz*, 339 U.S. 56, 69, 70 S.Ct. 430, 94 L.Ed. 653 (1950)….......36

*United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir.2003)........................................22

*U.S. v. Spillane*, 913 F.2d 1079 (4th Cir. 1990)................................................................28

*U.S. v. U. S,* Civil Action No. 2:10-1087 (S.D.W. Va. Apr. 12, 2011)..............................49

*United States v. Wilson*, 721 F.2d 967, 972 (4th Cir.1983)...............................................22

*Utsey v. McCall*, Civil Action No.: 8:13-cv-01433-JMC (D.S.C. Aug. 30, 2016)...23, 44, 47

*Wash. Gas Light Co. v. Va. Elec. & Power Co.* , 438 F.2d 248, 251 (4th Cir. 1971)…...50

*Whitlock,* 682 F.3d at 582................................................................................................45

*Winslow v. Smith*, 696 F.3d 716 (8th Cir. 2012)..................................................................44

*Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)*................14, 38, 40

## Rules

Rule 2.330(j) Fla.R. Jud. Admin......................................................................................53

Rule 8, Fed. R. Civ. Proc........................................................................................11, 49

Rule 57, Fed. R. Civ. Proc.............................................................................................53

## Constitutional Provisions

Amendment Four, United States Constitution..................................................9, 10, 13, 35

Amendment Five, United States Constitution.........................................................9, 10, 13

U.S. Const. amend. XIV, § 1...................................................................9, 10, 13, 44, 45

Art. IV, § 2, U.S. Const...............................................................................................25

Article IV, § 2, cl. 2, of the United States Constitution....................................................25

Article 1, § 3 & 9, SC Const.........................................................................................11

## Statutes

18 U.S.C. § 921(a)(15)...........................................................................................26, 28

18 U.S.C. § 1073.........................................................................................................26

18 U.S.C. § 3182.........................................................................................................25

28 U.S.C. § 1331....................................................................................................11, 52

28 U.S.C. § 1331...........................................................................................10, 11, 13, 53

28 U.S.C. § 1391(b)................................................................................................10, 11

28 U.S.C. § 2201.......................................................................................10, 11, 13, 14, 53

28 U.S.C. § 2202.......................................................................................10, 11, 13, 14, 53

28 U.S.C. § 2255.........................................................................................................31

28 U.S.C. § 3582(c)(2).................................................................................................49

42 U.S.C. § 1983.........................................................................................9, 10, 11, 36

Case 5:23-cv-00150-M-RJ   Document 1   Filed 03/27/23   Page 7 of 55

SC Code of Laws 15-53-10.........................................................................13, 14

SC Code of Laws 15-53-120.....................................................................10, 11

§ 86, Fla. Stat..................................................................................13, 14, 54

Fla. Stat., Chap. 941...................................................................................25

§ 941.02, Fla. Stat.................................................................................22, 29

Uniform Interstate Extradition Act...............................................................30

### **Other Legal Authorities**

14 Fla. Jur 2d Criminal Law—Procedure § 305....................................22, 29

Black Letter Law..............................................................................15, 18, 25

Blackstone, *Commentaries*, New York, 1827, vol. ii, p. 314...........................55

Rule of Law.....................................................................................15, 18, 25

*ultra vires*........................................................................................ 13, 55

*void ab initio* ...................................................................................... 13, 55

Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 2.1 (2010)..36

*writ of error coram vobis*.................................................................................54

### INTRODUCTION

1.      I am filing this Civil Rights Complaint seeking a Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Request for Other Relief. The Plaintiff respectfully requests that this Honorable Court issues a Declaratory Judgment, and grant the requested Preliminary and Permanent Injunctive Relief, and further grants the other Relief being sought herein. I am not an attorney and will not attempt to write like an attorney in this Complaint. I feel to do so would do me and the Court a disservice. Therefore, I will simply detail what has happened and is continuing to happen, in as cogent and direct manner as possible. I am respectfully requesting that this Honorable Court follows the law in these matters, no matter where, and to whom, such adherence to the law may bring.

2.      On or about April 7, 2020, I filed the Original Complaint in this case before the United States District Court in Columbia, South Carolina. In hindsight I realize now that it was too much. The Complaint itself consisted of some 283 pages, 422 paragraphs and it was supplemented by 83 Appendixes. What I was attempting to do was to put before the Court every single injustice that I had suffered in NW Florida, and throughout the southeast, from 2010 through to the present. While I stand behind everything I wrote and verified in the Original Complaint, I realize now that it was

8

too much. And I understand the defects it contained and I have corrected those defects within this newly filed Complaint.

3.    In order to cure the defects of my Original Complaint, I am filing this as a new action and Complaint to focus strictly on the untoward, illegal and bad faith acts of the Defendants which, most assuredly, invoke the jurisdiction of this Honorable Court. These events are my illegal, unconstitutional arrest on two (2) "*fugitive warrants*" from Florida. The first *ultra vires* or beyond their powers action happened on October 12, 2018, which took place in Sumter, South Carolina, within the Federal Jurisdiction of Florida and South Carolina. As well as my illegal, unconstitutional arrest on a "*fugitive warrant*" from Florida, on May 7, 2021, which happened in Goldsboro, North Carolina, thereby invoking the Federal Jurisdiction of Florida and North Carolina. It was/is the Defendants, with their unjustified, illegal incursions into these Federal Judicial Districts, that has brought this matter into the jurisdiction of this Honorable Court.[2]

4.    On January 25, 2021, the Honorable J. Michelle Childs Dismissed my Original Complaint **Without Prejudice**. Judge Childs' Order is attached as **Exhibit A,** and reads in part on Page 1 as follows:

> For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 11), and **DISMISSES** the instant case *without prejudice*. **(emphasis supplied)**

5.    This is a civil action under 42 U.S.C § 1983 whereby declaratory judgment and preliminary and permanent injunctive relief enjoining the Defendants, their agents, servants, employees and those acting in active concert with actual notice thereafter (hereinafter collectively "Defendants") from acting in such a manner as to violate the Plaintiff, Robert Michael Ardis' rights to due process of the law and equal protection of the law, as guaranteed under Amendment IV, Amendment V, Amendment VI, and Amendment XIV, of the United States Constitution.

6.    This Court has jurisdiction pursuant to the following:

> 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government;

> 28 U.S.C. § 1367, which gives the District Courts supplemental

---

[2] Because I was never in the state of Florida when the actions complained of took place, it was the Defendants of this action that illegally crossed into the sovereign, inviolable jurisdiction of both South Carolina and North Carolina. Because of the bad faith, illegal actions of the Defendants, I am filing this Civil Rights Complaint in the United States District Courts in South Carolina, North Carolina, and Florida. It was/is due to the untoward actions of the Defendants that has brought forth such a result.

jurisdiction over state law claims;

> 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District
> Courts jurisdiction to grant declaratory relief;

7.     Venue is appropriate in this judicial district under U.S.C. § 1391(b). The actions complained of took place, and are presently taking place, in this judicial district; evidence relevant to the allegations are maintained in this judicial district; the Petitioner suffered and continues to suffer direct and proximate harm in this judicial district; the Defendants are continuing their deprivation of due process and equal protection Rights.

8.     This is a civil rights action under 42 U.S.C.A. § 1983, seeking injunctive relief against the judicial acts of state court judges. See *Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984); *Page v. Grady*, 788 F. Supp. 1207 (N.D. Ga. 1992); *Stephens v. Herring*, 827 F. Supp. 359 (E.D. Va. 1993).

9.     The Plaintiff currently is the Defendant in Florida Case 2018 CF-006350A. The State of Florida was/is **wholly without jurisdiction** to have brought this case against the Plaintiff. Florida was/is absent of subject matter jurisdiction as well as personal jurisdiction over me. The actions that I have been subjected to at the hands of the Defendants were/are *void ab initio* and the actions that I have been and continue to be subjected to were/are *ultra vires* or beyond their powers.

10.     Respectfully submitted to the Court, I am entitled to bring this action, seeking Declaratory and Injunctive Relief, in Federal court, while such State actions are pending. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 281–82 (2005); *Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014). The United States Supreme Court specifically stated in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 281–82 (2005):

```
This Court has repeatedly held that "the pendency of an action
in the state court is no bar to proceedings concerning the same
matter in the Federal court having jurisdiction." McClellan v.
Garland, 217 U.S. 268, 282 (1910); accord Doran v. Salem Inn,
Inc., 422 U.S. 922, 928 (1975); Atlantic Coast L. R. Co. v.
Engineers, 398 U.S. 281 (1970)
```

11.     From a state law perspective, which is incorporated by 28 U.S.C. § 1367, gives the United States District Courts supplemental jurisdiction over state law claims, the Plaintiff brings forth this action pursuant to the South Carolina Code of Laws § 15-53-120, et. seq.; the North Carolina General Statutes, Article 26, § 1-253, Fla. Stat. § 86.101, Amendment IV, Amendment V, Amendment VI and Amendment XIV of the United States Constitution; Article I, Section 3 and Section 9, of the South Carolina Constitution; U.S.C.A. § 1983; and any and all other controlling authorities to which the Plaintiff is entitled to the sought after Relief, but has not included herein. The Plaintiff hereby requests Declaratory Judgment from the United States District Court, for the Districts of South Carolina, North Carolina, and Florida and Preliminary and Permanent Injunctive Relief, for the repeated abuses he has suffered, and continues to suffer, by and through the actions of the Defendants, and in the First Judicial Circuit of Florida, and Florida Courts, and in general.

## VENUE

12.     The Plaintiff hereby references and incorporates 28 U.S.C. § 1331; 28 U.S.C. § 1343 (3) and (4); 28 U.S.C. § 1367; 28 U.S.C. § 2201 and 28 U.S.C. § 2202; and 42 U.S.C § 1983, as each relates to the state law claims set forth herein.

13.     This is an action for Declaratory Judgment and Relief pursuant to 28 U.S.C. § 2201(a), Rule 57, Fed. R. Civ. Proc., and South Carolina Code of Laws § 15-53-120, et. seq.,; the North Carolina General Statutes, Article 26, § 1-253, Fla. Stat. § 86.101, Amendment IV, Amendment V, Amendment VI and Amendment XIV of the United States Constitution; Article I, Section 3 and Section 9, of the South Carolina Constitution; U.S.C.A. § 1983     The Plaintiff is a citizen of the United States and the state of South Carolina, and is authorized pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, Rule 57, Fed. R. Civ. Proc., and pursuant to South Carolina Code of Laws § 15-53-120, et. seq., the North Carolina General Statutes, Article 26, § 1-253, Fla. Stat. § 86.101, to bring an action to obtain a Declaratory Judgment that the actions of the Defendants violates the Petitioner's due process rights and his rights to the equal protection of the law. Based upon the recent actions that have occurred, and are continuing to occur in Florida Case 2018 CF-006350A, Escambia County Circuit Court, the Plaintiff is in doubt about his legal rights, and the duties and responsibilities of the Defendants, acting under color of law, the status of the Plaintiff's pending criminal case in Florida, and other equitable and legal actions concerning the South Carolina Criminal Rules, North Carolina Criminal Rules, Florida Rules of Judicial Administration, and the Statutes and the Constitutions of the United States and the State of South Carolina, and other controlling authorities.

14.     The Plaintiff seeks a declaration, and Declaratory Judgment that the strict application and adherence to, the Constitutions of the United States and the states of South Carolina, North Carolina and Florida, Federal and state statutes, Federal and State case law and the Judicial Canons, must be applied and that any action or event, contrary to the strict application of the aforementioned legal authorities unconstitutionally curtails, infringes, and deprives the Petitioner, and other citizens of their rights of access to the Courts, of this state, as guaranteed by Article I, Section 3 and Section 9, of the Constitutions of South Carolina, North Carolina and Florida, and Amendment IV, Amendment V, Amendment VI, and Amendment XIV of the United States Constitution and applicable case law in relation to both Constitutions, to be cited herein.

15.     Venue is appropriate in this Judicial District under 28 U.S.C. § 1391(b). The actions complained of took place, and are presently taking place, in this Judicial District, due to the illegal acts of the Defendants; evidence relevant to the allegations are maintained in this Judicial District; the Petitioner suffered and continues to suffer direct and proximate harm and deprivation of his Constitutional rights in this Judicial District.

16.     Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Plaintiff is alleging and will prove that the Defendants, presiding in their official capacities, under color of state law, have violated, and continue to violate, the Plaintiff's civil rights, and that there is a persistent pattern of discriminatory and unconstitutional actions, directed by the Defendants, towards the Plaintiff. Such actions have been, and are, *void ab initio* and the actions that I have been and continue to be

11

subjected to were/are *ultra vires* or beyond their powers.

17.     In *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974), the Federal Court held that a Declaratory Judgment should be granted if **1)** the Petitioner supports his arguments with verifiable facts, **2)** that the Petitioner will suffer irreparable injury in the injunction is not granted, **3)** that the threatened injury to the Petitioner outweighs the threatened harm the injunction may do to the Respondents, and **4)** that granting the preliminary injunction will not disserve the public interest.

18.     The Plaintiff has the burden of persuasion as to each of these elements. See *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983). In that I bear the burden of persuasion, I would ask for latitude. I am *pro se*, and the Defendants violated my Constitutional Right to Counsel, by refusing to Appoint me counsel when I could not afford to hire an attorney. I eventually was able to scrape together enough money to hire an "attorney." Attached as **EXHIBIT B** is the Notice of Probable Cause Finding against that attorney from the Florida Bar. In essence, I did not have representation.

## PARTIES

19.     The Plaintiff is Robert Michael Ardis, a citizen and resident of Sumter, South Carolina. The Defendants Darlene Dickey, et. at.,     acting under color of law have created an actual controversy involving the Plaintiff and the Defendants. The actions of the Defendants have deprived me of my Constitutional Rights, my freedom and liberty, deprived me of due process and equal protection of the law. Contrary to all precepts of due process, the Defendants knowingly, and in bad faith, deliberately misled the state of South Carolina, and then misled the state of North Carolina, and perverted and abused the law to obtain, not one, but two (2) "*fugitive warrants*" for the Plaintiff. The actions of the Defendants were/are *void ab initio* and the actions that I have been and continue to be subjected to were/are *ultra vires* or beyond their powers.

20.     It is respectfully submitted, and the Plaintiff can and will prove these facts to the Court. The Petitioner had committed no crime, and was **not** a fugitive. For the purpose of this Petition, the Petitioner is focusing on Florida Case 2018 CF-006350A, however, in reality, there is a demonstrable history of abuse of process and selective and malicious prosecution, against the Petitioner, going back more than a full decade, at the behest of the Defendants. They have a documented history of abusing their positions of power to harass and harm the Petitioner and this Court must bring a stop to it in the interests of justice.

21.     The Defendants have frustrated the repeated attempts by the Plaintiff to assert his Rights guaranteed under the South Carolina, North Carolina, Florida and United States Constitutions. The actions of the Defendants are also contrary to the Florida Constitution as well as Florida statutory law, and contrary to other controlling authorities to be cited herein. Moreover, the Defendants, by and through their actions have broken the law, as to be set forth below. A Declaratory Judgment is sought pursuant to the provisions of 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

22.     South Carolina Code § 15-53-10 et. seq., Declaratory Judgment Act, is to be liberally construed. See *Hazel v. State*, 377 S.C. 60 (2008), and this Court has jurisdiction to **DECLARE**

the actions of the Defendants, ***void ab initio*** and also *ultra vires* or <u>beyond their powers</u>.

23.     Similarly, Florida Statutes Chapter 86 provisions are also to be liberally construed (Florida Statutes § 86.101 et. seq.) *Olive v. Maas*, 811 So.2d 644 (2002), Corrected Opinion February 14, 2002 (Fla. 2002). The Petitioner has an actual, present need for a declaratory judgment/statement. *Law v. Florida Parole and Probation Commission*, 411 So. 2d 1329, 1331 (Fla. 1st DCA 1982). All attempts to avail himself in Florida have been ignored. The Petitioner has made diligent, good faith efforts, in the state of Florida. It is due to such facts that I am making my pleas to this Honorable Court so that my Constitutional Rights will be recognized, preserved and honored.

24.     This Court has jurisdiction in these matters pursuant to 28 U.S.C. § 1367, which gives the U.S. District Courts supplemental jurisdiction over State Law claims and the other authorities cited in this Complaint. I have sought equitable relief before the Defendants in Florida, but I am ignored and dismissed.   Additionally, I have a Constitutional Right to counsel, pursuant to the 4th, 5th, 6th, and 14th Amendments to the United States Constitution. However, the Defendants have consistently refused to appoint counsel to represent me. While I was able to finally hire counsel, that attorney's conduct was so utterly reprehensible and unethical that he was sanctioned by the Florida Bar. Please see the attached **Exhibit B.**

25.     These matters are ***ripe*** and constitute an ***actual controversy*** warranting the exercise of this Court's inherent authority. The Plaintiff has standing to bring forth this Petition pursuant to 28 U.S.C. § 2201(a), which reads in part as follows:

> *In a case of actual controversy within its jurisdiction ...any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment and shall be reviewable as such.*

26.     Pursuant to 28 U.S.C. § 2201(a), South Carolina Code of Laws § 15-53-10 et. seq., Declaratory Judgment Act, the North Carolina General Statutes, Article 26, § 1-253, and, Florida Statutes § 86.021, the Petitioner is an individual who claims an interest, is in doubt, and has his rights, status, equitable and legal relations affected by the Defendants. Additionally, the guarantees and protections afforded to the Petitioner, and all citizens, pursuant to the 4th, 5th, 6th, and 14th Amendments of the United States Constitution are at issue, along with other controlling legal authorities.

27.     The proper Defendants, pursuant to 28 U.S.C. § 2201(a), are named in this Civil Rights Complaint. All of the named Defendants, acting under color of law, have failed in their mandatory, required duties, and, as a result, have infringed on, and deprived the Plaintiff of his Constitutional Rights.

28.     Pursuant to 28 U.S.C. § 2201(a), and South Carolina Code of Laws § 15-53-10 et. seq., Declaratory Judgment Act, the North Carolina General Statutes, Article 26, § 1-253, and, Florida Statutes § 86.091, Notice is given, to all interested parties and/or their attorneys, in Case 2018 CF-006350A, that the Plaintiff ROBERT MICHAEL ARDIS, does **not** recognize or consent to

their subject matter or personal jurisdiction over him. And the Plaintiff is filing this Civil Rights Complaint before the United States District Courts, for the Districts of Florida, North Carolina and South Carolina, in support of his positions in this regard.

## BACKGROUND AND FACTUAL EVENTS SWORN TO UNDER PENALTY OF PERJURY

29.    In *Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971),* the Court stated that a federal injunction may be properly issued against a pending state criminal prosecution only on a "*showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.*" Id. at 54, 91 S.Ct. at 755. It is beyond dispute that a person being hauled out of their home, in the middle of the night, handcuffed, thrown on the ground with guns pointed at their head, when they broke **no laws** and when they were **never** in the jurisdiction seeking their arrest based upon a ***"fugitive warrant"***, more than meets the burden of a "*showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.*" Id. at 54, 91 S.Ct. at 755.

30.    This Civil Rights Complaint should not be casually tossed aside. The facts I am setting forth really did happen and really are happening to me, right now, all of which warrants and necessitates the immediate action of this Court.

31.    The issues brought forth in this Civil Rights Complaint cut at the core of our foundations as a Republic. A person, in this case me, has an inalienable Right to be free from arbitrary, capricious, bad faith, and harassment from government officials. Malicious prosecution and abuse of process are rampant in these matters, and everything that I am raising and setting forth and Swearing to in this Civil Rights Complaint must be fully considered and weighed by this Honorable Court. The United States Supreme Court held in the case of *Singleton v. Wulff*, 428 U.S. 106 (1976):

> . . . two distinct standing questions are presented. We have distinguished them in prior cases, e. g., *Data Processing Service v. Camp*, 397 U.S., at 152-153; *Flast v. Cohen*, 392 U.S. 83, 99 n. 20 (1968); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953), and they are these: First, whether the plaintiff-respondents allege "injury in fact," that is, a sufficiently concrete interest in the outcome of their suit to make it a case or controversy subject to a federal court's Art. III jurisdiction, and, second, whether, as a prudential matter, the plaintiff-respondents are proper proponents of the particular legal rights on which they base their suit.

14

32.     In the case of *Turner v. City of Memphis*, 369 U.S. 350 (1962), the Supreme Court held that a federal court's intervention was necessary where "**injustice might otherwise result**." *Hormel v. Helvering*, 312 U.S., at 557. (**emphasis supplied**)

33.     Injustice has already resulted to me, there is no "*might otherwise*" to it. If this Court does not **GRANT** the Relief I am seeking then, in essence, this Court is sanctioning and condoning the actions of the Defendants when such actions on their part were/are indefensible and were taken in the absence of all jurisdiction and were/are *ultra vires* . This Honorable Court has the inherent power, authority, and discretion to **GRANT** the Relief that I am seeking, and, more so, the Relief that I deserve.

## ISSUE I:     Personal Jurisdiction

34.     I was and have been a citizen of the State of South Carolina since September 16, 2018. I was actually born in South Carolina in 1962 and lived there, continuously until August of 2002, when I moved to Florida. Then I moved back to South Carolina on September 16, 2018, and have lived there ever since. The Defendants allege a "*crime*" happened on October 5 2018, and subsequently had me arrested by South Carolina Law Enforcement on a "*fugitive warrant*" on October 12 2018. Such actions fail, miserably when juxtaposed with **Black Letter Law** and the **Rule of Law**.

35.     In a somewhat similar case, the South Carolina District Court Ruled against a Plaintiff in *Tisdale v. Nadramia*. However, the salient points between that Plaintiff, and myself, are diametrically different. In the case of *Tisdale v. Nadramia*, C/A No. 3:11-647-MBS (D.S.C. Mar. 5, 2012), the South Carolina District Court wrote in part:

> In this case, the events or omissions giving rise to Plaintiff's claim occurred in Florida. The investigation was conducted in Florida and the warrant was issued in Florida. The alleged wrongdoing by Defendants took place in Florida. (**emphasis and underline supplied**)

> Where, as here, the district court addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff *4 bears the burden making a prima facie showing of a sufficient jurisdictional

15

basis to survive the jurisdictional challenge. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989))

36.    In *Tisdale* the Plaintiff actually had his Civil Rights Complaint **served** upon the Defendants, whereas I was not afforded like treatment in that my Original Complaint was never served upon the Defendants. I am respectfully submitting that I have cured any deficiencies with this Civil Rights Complaint and that I respectfully submit that it must be served upon the Defendants. To not do so would  constitute a denial of my Due Process and Equal Protection Rights under the Fifth and Fourteenth Amendments to the United States Constitution and would conflict with Decisional Law of this Circuit. Additionally the Plaintiff in *Tisdale* failed because he allegedly was in Florida, committed the alleged crime there, fled the State of Florida, the investigation was conducted in Florida, and the arrest warrant was issued in Florida.

37.    Juxtapose the situation in *Tisdale* with mine. I relocated and moved out of the State of Florida on September 16, 2018. I lived and continue to live permanently in the State of South Carolina. I was never within the jurisdiction of the State of Florida when an alleged and purported "*crime*" occurred on October 5, 2018. I was brutally arrested and jailed on October 12, 2018, based upon a "***fugitive warrant***" issued by the State of Florida when I was **not** a "*fugitive.*" However, the same Court that Ordered Tisdale's Complaint served on the Defendants in Florida did not do so with mine. This must be corrected and remedied and this Civil Rights Complaint, and it must be served upon the Defendants.

38.    In keeping with my thesis that the State of Florida not only acted in a bad faith and harassing manner with malicious prosecution towards me. I once again present that the State of Florida lacked/lacks Personal Jurisdiction and Subject Matter Jurisdiction over me and these matters and such actions by the Defendants were/are *void ab initio* and the actions that I have been and continue to be subjected to were/are *ultra vires* or beyond their powers.

39.    To illustrate these points I am incorporating the following map of the South Eastern United States within the text of this Civil Rights Complaint. I feel it is too important to list as an attachment and must be included within this Civil Rights Complaint for the sake of making a very important, cogent, and salient point.

**A -** Pensacola, Florida in the Sovereign State of Florida where I lived and resided through Saturday, **September 15, 2018,** when I finally and completely **ceased** to live and reside in that State and locale.

**B -** Sumter, South Carolina in the Sovereign State of South Carolina, where I relocated to, and have consistently lived and been a citizen of, since **September 16, 2018**.

> **October 5, 2018,** I filed an Answer to an Order to Show Cause in a family law case in Pensacola, Florida. However, at all times relevant to said filing I was always a citizen or and resided in the Sovereign State of South Carolina, and was **never** in Florida.

> **October 12, 2018,** without any warning, and in the absence of **all** jurisdiction (subject matter and personal), authorities in Pensacola, Florida procured a "fugitive warrant" for my arrest in Sumter, South Carolina. They knew precisely where I was/am living and I was not hiding from anyone because my home address was clearly written on my Answer to the Order to Show Cause. I certainly was not a "fleeing or fugitive" in any **Black Letter Law** sense of the meaning.

**C -** Goldsboro, North Carolina in the Sovereign State of North Carolina, where I was visiting with relatives. The authorities in Pensacola, Florida, once again, swore out another baseless "fugitive warrant" for my arrest on **May 7, 2021,** for matters related to the events of **October 5, 2018,** which at all times occurred in the Sovereign State of South Carolina. All of these bad faith, harassing actions and this irreparable harm could have been avoided had the District Court acted and **GRANTED** the Relief I was/am seeking in my Civil Rights Complaint. Rehearing and/or Rehearing En Banc must be **GRANTED** and these matters must be



40.     The previous map is a part of the Record in these matters and is illustrative of certain undeniable and indisputable facts that cannot be ignored. Even though it is contained on the map, the undisputed facts bear repeating.

41.     I lived in Pensacola, Florida in the sovereign State of Florida, from August of 2002 through Saturday, September 15, 2018, when I finally and completely ceased to live and reside in that State.

42.     On September 16, 2018, I relocated back to my hometown of Sumter, South Carolina in the sovereign State of South Carolina, and have consistently lived and been a citizen of Sumter, South Carolina since September 16, 2018.

43.     After relocating to Sumter, South Carolina on September 16, 2018, having never ventured back into the jurisdiction of Florida, I subsequently filed an Answer to an Order to Show Cause in Florida Family Law Case 2009 DR-003717 on October 5, 2018. However, at all times relevant to said filing I was always a citizen of, and resided in, the sovereign State of South Carolina, and was **never** in Florida. It was/is impossible for me to be a "*fleeing felon*" and it was/is in the absence of all jurisdiction for the Court in Escambia County, Florida to issue a "*fugitive warrant*" for my arrest in Sumter, South Carolina, when I was never within its jurisdiction.

44.     And for purposes of persuasion and to demonstrate to this Honorable Court the bad faith, untoward and harassing actions taken against me, by the Defendants, please see the attached **Exhibit C.** Long story short, in September of 2013, I was "*tried*" and "*convicted*" in open Court, on allegations/charges that had been *nolle prosequi* and Dismissed, in open Court, months before the "*trial*" occurred. **Exhibit C** is the Order of **REVERSAL** and **REMAND,** issued by Florida's First District Court of Appeal. The Defendants actually "*tried and convicted*" me, in open Court, on Dismissed charges. If this doesn't constitute untoward, bad faith, malicious and harassing behaviors, then I respectfully submit that untoward, bad faith, malicious and harassing behavior does not exist.

45.     At approximately 10:00 p.m. on October 12, 2018, without any warning, and in the absence of all jurisdiction (subject matter and personal), the authorities in Pensacola, Florida (the Defendants) procured a "*fugitive warrant*" for my arrest in Sumter, South Carolina. They knew precisely where I was/am living and I was/am not hiding from anyone because my home address was clearly written on my Answer to the Order to Show Cause. I certainly was **not** a "*fleeing felon or fugitive*" in any **Black Letter Law** or **Rule of Law** sense of the meaning.

> Blackletter Law
>
> In common law legal structures, blackletter laws are the **well-established legal rules** that are certain and **no longer disputable**. Blackletter law is free from doubt and generally well-known. It also means well-established case law and refers to the basic key components of a subject in the law. . **(emphasis and underline**

**supplied)**https://www.law.cornell.edu/wex/blackletter_law#:~:text=In%20common%20l
aw%20legal%20structures,a%20subject%20in%20the%20law

Rule of Law

The rule of law is a set of principles, or ideals, for ensuring an orderly and **just society**. Many countries throughout the world strive to uphold the rule of law where no one is above the law, **everyone** is treated **equally** under the law, everyone is held accountable to the same laws, there are clear and fair processes for enforcing laws, there is an independent judiciary, and human rights are **guaranteed for all**. . **(emphasis and underline supplied)**

https://www.americanbar.org/groups/public_education/resources/rule-of-law/

46.     I was jailed like a dog for a "*crime*" that was not and is not a crime. And, even assuming for argument sake that it was a "*crime*" the State of Florida was absolutely without any legal justification or any jurisdiction to have me arrested on a "*fugitive warrant.*" I was treated like a dog and housed in filthy conditions and extradited to Florida, a State where I was not in when the alleged "*crime*" took place. For lack of a better term I was shipped in a steel dog crate from South Carolina, to North Carolina, and then put in a jail in Pinehurst, Georgia for weeks, until Florida finally sent for me. In all I was illegally deprived of my liberty and freedom from October 12, 2018 until November 21, 2018. Even then I was not "*free*" as I was put under "conditions" of release that I am still suffering from to this day! This Court must act because it is the right thing to do and in keeping with the ends of justice.

47.     But the nightmare doesn't end there.   On May 7, 2021, I was visiting family in Goldsboro, North Carolina in the sovereign State of North Carolina, where I was visiting with relatives. The authorities in Pensacola, Florida, the Defendants, once again, swore out another baseless "*fugitive warrant*" for my arrest on May 7, 2021, for matters related to the events of October 5, 2018, which at all times occurred in the sovereign State of South Carolina. I was housed in the disgustingly filthy Wayne County, North Carolina Jail from May 7, 2021 through July 2, 2021. Again, my Constitutionally guaranteed freedom and liberty was gutted and thrown in the garbage by the Defendants. I am **not** okay with this in the least, and neither should this Court. These matters are active and ongoing and there is a justiciable need for the immediate Relief from this Court.

48.     In an effort to make my points clear, and at the risk of being extremely redundant, please carefully review the following timeline:

September 15, 2018, the **last day I lived** in the State of Florida

September 16, 2018, **moved permanently** to the State of South Carolina

19

September 17, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 18, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 19, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 20, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 21, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 22, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 23, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 24, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 25, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 26, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 27, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 28, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 29, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

September 30, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 1, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 2, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 3, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 4, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 5, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina, and authored an Answer to Show Cause Order in Case 2009 DR 003717, from my home in Sumter, South Carolina

October 6, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 7, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 8, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 9, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 10, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 11, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina

October 12, 2018, <u>lived</u> in South Carolina and **never** left the State of South Carolina but I was arrested on a ***"fugitive warrant"*** in South Carolina, by South Carolina Law Enforcement based upon the lies, bad faith, and malicious prosecution of the Defendants for actions that transpired and took place entirely within the sovereign State of South Carolina, but never within Florida.

49.     I apologize to the Court for my overly simplified timeline of events. But if this Court found itself in my shoes, and had been handcuffed, shackled, with guns pointed at your head, and caged like an animal, then I think this Court would want to be certain that your points were being read and understood without any room for ambiguity or uncertainty.

50.     Personal jurisdiction is **not** something to be swept up under the rug or ignored. <u>It is a</u> **requisite requirement** <u>for any criminal prosecution</u>. Period. I now direct the attention of this Court to the recognized and prevailing law in this Circuit in the Decision in the case of *United States v. De La Luz Perez*, 752 F.3d 398 (4th Cir. 2014), where the Court wrote:

> **Personal jurisdiction** in a criminal case is still based on **physical presence**, which is usually acquired by taking the defendant into custody via arrest. See *United States v. Wilson*, 721 F.2d 967, 972 (4th Cir.1983) ("It has long been the general rule that a court's power to try a criminal defendant is not impaired by the government's use of even forcible abduction to bring the defendant within the court's jurisdiction.")); *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir.2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law.").**(emphasis and underline supplied)**

51.     Thus far, regarding the critical issue of Personal Jurisdiction, I have relayed examples of the South Carolina District Court and of the United States Court of Appeals for the Fourth Circuit. But what about the State of Florida? The jurisdiction where I **never** was during the alleged commission of an alleged "*crime*" on October 5, 2018, what does the State of Florida have to say regarding the issue of Personal Jurisdiction? Let's have a look together.

**14 Fla. Jur 2d Criminal Law—Procedure § 305**

> The Extradition Clause and it effectuating federal statute have been interpreted <u>to provide</u> ***only*** <u>for the extradition</u> of persons who were **bodily present** <u>in the demanding state at the time of the crime</u> with which they are charged <u>and who thereafter</u> **fled** or "<u>fugitives from justice</u>" in the traditional sense. The Uniform Criminal Extradition Act also provides for extradition of fugitives from justice. **§ 941.02, Fla. Stat. (emphasis and**

underline supplied)

The determination of whether an accused is a fugitive from justice depends only on whether he or she is charged with crime in the demanding state, was **bodily present** in the demanding state at the time of the offense, and thereafter **departed** from that state.(emphasis and underline supplied)

52.     Even the very State where the Defendants live and work states, unequivocally that I was **not** a "*fugitive*" from justice on October 12 2018. This begs the question... why was I dragged out of my home, thrown down, guns pointed at my head, arrested like a dog and deprived of my liberty and freedom for months? The only answer this Court can deduce is that <u>my Constitutional Rights were violated and I deserve and I am rightly due the Relief I am seeking in this Civil Rights Complaint.</u>

53.     In the case of *Utsey v. McCall*, Civil Action No.: 8:13-cv-01433-JMC (D.S.C. Aug. 30, 2016), the United States District Court for the District of South Carolina, <u>the very same Judge as in my Original Complaint,</u> wrote the following regarding Personal Jurisdiction:

Additionally, it appears to this court that Petitioner challenges the jurisdiction of the South Carolina circuit court in which he was convicted. In general, circuit courts have subject matter jurisdiction over criminal matters in which the appropriate charges are filed. *State v. Crocker*, 612 S.E.2d 890, 894 (S.C. Ct. App. 2005). Further, **personal jurisdiction** in a criminal case "**lies in the state or county where the crime was committed**." Id. **Both types of jurisdiction are required** in order for a conviction to be **valid**. Id. **(emphasis and underline supplied)**

54.     Based upon what is contained above in **Issue I,** the actions that I have been subjected to, <u>and continue to be subjected to,</u>   at the hands of the Defendants were/are *void ab initio* and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are *ultra vires* or <u>beyond their powers</u>. The despicable actions previously taken against me and continuing until this very day, required legal authority or power but instead such actions were/are being completed outside of and without the requisite authority. Accordingly, this Honorable Court must **GRANT** the Relief I am seeking, even if I have not technically requested such Relief in the correct manner since I am not an attorney. Quoting the direct language of the U.S. Court of Appeals for the Fourth Circuit: ("<u>Rules of practice and procedure are devised **to promote the ends** of justice, **not** to defeat them.</u>"); *Curry v. Beatrice Pocahontas Coal Co.* , 67 F.3d 517, 522 n.8 (4th Cir. 1995) ("The normal rule of course is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely *sua sponte* ) when **<u>the equities require</u>**." (internal citation omitted)). **(emphasis and underline supplied)**

## ISSUE II: Extradition With Salient Elements of Personal Jurisdiction

55.     Extradition is a really, really big deal to once again use colloquial language. It is not something to be undertaken willy nilly. This Court must remember that Extradition is a matter of Federal Law which, most certainly, concerns this Court, the United States District Court for the District of Florida, North Carolina, and South Carolina. I was illegally arrested and illegally extradited, so I feel I have earned the Right to discuss the process to this Court.

56.     Extradition is **not** as it is portrayed on television and movies. You are not flown on an airplane with law enforcement. No, you are shackled like an animal, and thrown into the back of a steel van, with no windows. There are three compartments, two in the back roughly 6 feet long and 2 feet wide with a steel bench and no cushions. The front compartment is smaller, approximately 2 feet wide by 4 feet long. It is usually where female prisoners are stored and shipped. You are locked up in these extremely small and confining spaces with 4 or 5 other prisoners in each compartment. Forget about moving or getting comfortable. There is no room and no comfort in such a predicament. It is long, boring, and miserable.

57.     You do not get to decide when to use the bathroom, you simply suffer and hold it. The "dog kennel" van you are locked up in only stops at jails to pick up and drop off other prisoners. You use the restroom when you stop at another jail which can be as long as 6 or 7 hours, and when you finally do get to relieve yourself you do so in full view of jail staff, male and female. This is the case whether it is a standing up or sitting down visit to the restroom. Disgusting. Then, at least in the South Eastern United States, you are deposited to the lowest bidding jail to house you until the jurisdiction seeking your extradition decides to come and retrieve you. In my case this was the Dooly County Jail in Pinehurst, Georgia. The Dooly County Jail looks like something from the movie Cool Hand Luke. It is old, filthy, disgusting, and you are left to rot there because Dooly County is one of the poorest counties in the state of Georgia and it sees housing extradition inmates as a paycheck for the county, nothing more, nothing less.

58.     But enough of the real facts regarding what Extradition is truly like. Let's turn to what the **Black Letter Law** has to say regarding Extradition.

59.     First, let's look at what the United States Constitution has to say regarding Extradition. Article IV, § 2, cl. 2, of the United States Constitution on the subject of extradition is clear and explicit. It reads as follows - "A Person charged in any State with Treason, Felony, or other Crime, who **shall flee** from Justice, and be **found in another State**, shall on Demand of the executive Authority of the State **from which he fled**, be delivered up, to be removed to the state having Jurisdiction of the Crime." **(emphasis and underline supplied)**

60.     Next let's turn to what the State of Florida has to say regarding the subject of Extradition, in the case of *State v. Cox*, 306 So. 2d 156 (Fla. Dist. Ct. App. 1974), the Appellate Court in Florida wrote:

23

Interstate extradition is <u>essentially a **federal matter**</u>. The federal law relating to the subject (Art. IV, § 2, U.S. Const.; 18 U.S.C. § 3182) "is paramount to state Constitution and statutes." *State ex rel. Stringer v. Quigg*, 91 Fla. 197, 203, 107 So. 409, 411 (1926). Nevertheless, a state may legislate concerning extradition providing its statutes <u>are **not**</u> <u>inconsistent with the purpose of the **federal law**</u>. *Ennist v. Baden*, 158 Fla. 141, 28 So.2d 160 (1946). Like most states, Florida has adopted the **Uniform Interstate Extradition Act.** See Fla. Stat., Chap. 941.**(emphasis and underline supplied)**

<u>The question of whether an accused is a fugitive from justice **asks nothing more**</u> than <u>whether **he was bodily present in the demanding state**</u> at the time of the offense <u>and **thereafter departed from that state.**</u> See *Osborn v. State*, 128 Fla. 488, 176 So. 55 (1936); *State ex rel. Florio v. McCreary*, 123 Fla. 9, 165 So. 904 (1936). **(emphasis and underline supplied)**

61.     Based upon what is contained above in **Issue II,** the actions that I have been subjected to, <u>and continue to be subjected to,</u>   at the hands of the Defendants were/are *void ab initio* and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are *ultra vires* or <u>beyond their powers</u>. The despicable actions previously taken against me and continuing until this very day, required legal authority or power but instead such actions were/are being completed outside of and without the requisite authority. Accordingly, this Honorable Court must **GRANT** the Relief I am seeking, even if I have not technically requested such Relief in the correct manner since I am not an attorney. Quoting the direct language of the U.S. Court of Appeals for the Fourth Circuit: ("<u>Rules of practice and procedure are devised **to promote the ends** of justice, **not** to defeat them.</u>"); *Curry v. Beatrice Pocahontas Coal Co.* , 67 F.3d 517, 522 n.8 (4th Cir. 1995) ("The normal rule of course is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely ***sua sponte*** ) when **the equities require**." (internal citation omitted)). **(emphasis and underline supplied)**

## ISSUE III:    I Was <u>Never</u> A Fugitive From Justice

62.    Let us begin the discussion of what does and does not constitute a "***fugitive from justice***" with Federal Law. **18 U.S.C. § 921(a)(15)** defines a "fugitive from justice" as the following:

> (15) The term "fugitive from justice" means any person who has **fled from any State** to <u>avoid prosecution for a crime</u> or to avoid giving testimony in any criminal proceeding.**(emphasis and underline supplied)**

63.    In a similar vein **18 U.S.C. § 1073** holds as follows concerning a "***fugitive from justice***":

> <u>Whoever moves or travels in interstate or foreign commerce </u>with intent either (1) to avoid prosecution, or custody or confinement after conviction, **under the laws of the place from which he flees**, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees, or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of an offense punishable by death or which is a felony under the laws of such place, is charged, or (3) to avoid service of, or contempt proceedings for alleged disobedience of, lawful process requiring attendance and the giving of testimony or the production of documentary evidence before an agency of a State empowered by the law of such State to conduct investigations of alleged criminal activities, shall be fined under this title or imprisoned not more than five years, or both. For the purposes of clause (3) of this paragraph, the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.**(emphasis and underline supplied)**

64.    In the United States Supreme Court case of *California v. Superior Court of California*, 482 U.S. 400 (1987), the High Court held that a "condition precedent" for extradition and being a "fugitive from justice" <u>is that a person had to have been within the State at the time the "crime" was committed, and then must have fled to another State</u>. Otherwise, as the High Court stated, ". . . *otherwise state boundaries would become mere markings in an atlas, and the demanding State could exercise criminal jurisdiction over a person anywhere in the Union regardless of the extent of that person's culpable connection with the State.*" (**emphasis supplied**). Please see the excerpt below:

> Prima facie proof that the accused be "a fugitive from the justice of the demanding State" is

a "**condition precedent** to the surrender of the accused." *Ex parte Reggel*, 114 U.S., at 652-653. Deeming Richard Smolin a "fugitive from justice" would not serve the purpose of the Extradition Clause. The Framers' provision for extradition was designed to prevent state boundaries from becoming impermeable walls within which "the fugitives from a sister State's criminal justice system" may find "safe haven." *Ante*, at 406 (quoting *Kentucky v. Dennison*, 24 How. 66, 100 (1861)); cf. *Jones v. Helms*, 452 U.S. 412, 419 (1981) (State's right to obtain extradition of criminal necessarily qualifies that citizen's right to interstate travel). The requirement that fugitivity be established nevertheless **has some teeth to it**; otherwise state boundaries would become **mere markings in an atlas**, and the **demanding State could exercise criminal jurisdiction over a person anywhere in the Union** regardless of the extent of that person's culpable connection with the State. Thus, to be a fugitive from justice it is necessary "that having within a State committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction and is found within the territory of another." *Roberts v. Reilly*, 116 U.S., at 97 (emphasis added). "For all that is necessary to convert a criminal under the laws of a State into a fugitive from justice is that **he should have left the State after having incurred guilt there.**" *Strassheim v. Daily*, 221 U.S. 280, 285 (1911) (citing *Roberts v. Reilly*, supra). See also *Appleyard v. Massachusetts*, 203 U.S. 222, 227 (1906). (**emphasis and underline supplied**)

65.     Continuing with the High Court's Decision in *California v. Superior Court of California*, 482 U.S. 400 (1987), the Supreme Court held:

> Thus, to be a fugitive from justice it is necessary "that having within a State committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, **he has left its jurisdiction** and is **found within the territory of another**." *Roberts v. Reilly*, 116 U.S., at 97 (emphasis added). "For all that is necessary to convert a criminal under the laws of a State into a fugitive from justice is that he should have left the State after having incurred guilt there." *Strassheim v. Daily*, 221 U.S. 280, 285 (1911) (citing *Roberts v. Reilly*, supra). See also *Appleyard v. Massachusetts*, 203 U.S. 222, 227 (1906). (**emphasis and underline supplied**)

> The **only issue under fugitivity** other than presence in the asylum state is **flight from the demanding state**. Under the requirement of flight, "when [the accused] is sought to be subjected to [the demanding state's] criminal process.... **he has left its jurisdiction**." *Roberts*, 116 U.S. at 97, 6 S.Ct. at 300. (**emphasis and underline supplied**)

66.     The United States Court of Appeals for the Fourth Circuit has specifically addressed the issue of what constitutes a ***"fugitive from justice"*** of which <u>**I clearly was not**</u>, in the case of *U.S. v. Spillane*, 913 F.2d 1079 (4th Cir. 1990), where that Court held:

> The term "***fugitive from justice***" is defined in 18 U.S.C. § 921(a)(15) as "<u>any person who has **fled from any state** to avoid prosecution for a crime</u> or to avoid giving testimony in any criminal proceeding." **(emphasis and underline supplied)**

> > See *United States v. Durcan*, 539 F.2d 29 (9th Cir. 1976). In Durcan, the court held that "[i]n order to establish that [the defendant] was a `fugitive from justice' within the meaning of section 922(g)(2), <u>an **indispensable requisite** of the prosecution's proof was that [the defendant] **had left [the state where charges against him were pending]** with the intent to avoid prosecution.</u>" 539 F.2d at 31. **(emphasis and underline supplied)**

67.     I would ask for the Court's consideration of *Strassheim v. Daily*, 221 U.S. 280 (1911), regarding these points of law related to fugitivity and extradition:

> One who is **<u>never</u> within the State** before the commission of a crime producing its results within its jurisdiction is **not a *fugitive from justice*** <u>within the rendition provisions of the Constitution,</u> *Hyatt v. Corkran*,  188 U.S. 691, but, if he commits some overt and material act within the State and then absents himself, he becomes a fugitive from justice when the crime is complete if not before. **(emphasis and underline supplied)**

68.     I would ask for the Court's consideration of *Munsey v. Clough*, 196 U.S. 364 (1905), regarding these points of law related to fugitivity and extradition:

> The record fails to show this relator a fugitive from justice as to all of the several crimes with which she was charged, hence the rendition warrant was illegally issued. <u>A person **cannot be** a fugitive from justice when **not personally present** in the State where the offense is alleged to be committed.</u> *North Carolina v. Hall*, 28 L.R.A. 289, and cases cited; *People v. Hyatt*, 172 N.Y. 176.   **(emphasis and underline supplied)**

69.     I would ask for the Court's consideration of *Hyatt v. Corkran*, 188 U.S. 691 (1903), regarding these points of law related to fugitivity and extradition:

A person, for whose delivery a demand has been made by executive authority of one State upon the executive authority of another State under clause 2 of section 2 of Article IV of the Constitution, and who shows conclusively, and upon conceded facts, <u>that he was **not within the demanding State** at the time stated in the indictment, **nor at any time when the acts were**, if ever, committed, is **not a fugitive from justice**</u> within the meaning of Rev. Stat. sec. 5278, and the Federal statute upon the subject of interstate extradition and rendition (**emphasis and underline added**)

70.    As previously cited above regarding the critical issue of Personal Jurisdiction, **14 Fla. Jur 2d Criminal Law—Procedure § 305** is also relevant and germane to the issue of what does and does **not** constitute a "*fugitive from justice.*"

The Extradition Clause and it effectuating federal statute have been interpreted <u>to provide *only* for the extradition</u> of persons who were **bodily present** <u>in the demanding state at the time of the crime</u> with which they are charged <u>and who thereafter **fled** or "fugitives from justice"</u> in the traditional sense. The Uniform Criminal Extradition Act also provides for extradition of fugitives from justice. **§ 941.02, Fla. Stat.** (**emphasis and underline supplied**)

The determination of whether an accused is a fugitive from justice depends only on whether he or she is charged with crime in the demanding state, <u>was **bodily present**</u> in the demanding state at the time of the offense, and **thereafter departed from that state**.(**emphasis and underline supplied**)

71.    I would ask for the Court's consideration of *Hyatt v. Corkran*, 188 U.S. 691 (1903), regarding these points of law related to fugitivity and extradition:

We are of opinion that as the relator showed without contradiction and upon conceded facts that he was **not** within the State of Tennessee at the times stated in the indictments found in the Tennessee court, nor at any time when the acts were, if ever committed, <u>he was **not a fugitive from justice** within the meaning of the Federal statute</u> upon that subject, and upon these facts the warrant of the governor of the State of New York was improperly issued, and the judgment of the Court of Appeals of the State of New York discharging the relator from imprisonment by reason of such warrant must be (**emphasis and underline supplied**)

72.     Based upon what is contained above in **Issue III,** the actions that I have been subjected to, and continue to be subjected to,    at the hands of the Defendants were/are *void ab initio* and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are *ultra vires* or beyond their powers. The despicable actions previously taken against me and continuing until this very day, required legal authority or power but instead such actions were/are being completed outside of and without the requisite authority. Accordingly, this Honorable Court must **GRANT** the Relief I am seeking, even if I have not technically requested such Relief in the correct manner since I am not an attorney. Quoting the direct language of the U.S. Court of Appeals for the Fourth Circuit: ("Rules of practice and procedure are devised **to promote the ends** of justice, **not** to defeat them."); *Curry v. Beatrice Pocahontas Coal Co.* , 67 F.3d 517, 522 n.8 (4th Cir. 1995) ("The normal rule of course is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely *sua sponte* ) when **the equities require**." (internal citation omitted)). **(emphasis and underline supplied)**

73.    As important as Personal Jurisdiction is to these matters, equally important is the issue of Subject Matter Jurisdiction or more importantly, the lack thereof. No jurisdiction, and no Judge, can exercise Subject Matter Jurisdiction over matters in which such Jurisdiction is **not** conveyed and which a state and jurisdiction does not possess. In the case of *U.S. v. Hartwell*, 448 F.3d 707 (4th Cir. 2006), the United States Court of Appeals for the Fourth Circuit stated as follows on the important matter of Subject Matter Jurisdiction:

> Any challenges to a criminal judgment after the appellate process is complete therefore may generally be brought only pursuant to a specific authorization for collateral review, such as 28 U.S.C. § 2255. But when a party suggests the **absence of subject-matter jurisdiction**, even at this late stage of a case, the party questions not only the original conviction, but the power to sentence and the power to correct or reduce the sentence under Rule 35(b), and **therefore we must address it.** See generally *Cotton*, 535 U.S. at 630, 122 S.Ct. 1781; *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). This is because **subject-matter jurisdiction** can "**never be forfeited or waived**"; "it involves a court's power to hear a case." Cotton, 535 U.S. at 630, 122 S.Ct. 1781. And any action by a court **without subject-matter jurisdiction** is "ultra vires" and therefore **void**. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (quoting *Steel* Co., 523 U.S. at 101-02, 118 S.Ct. 1003).**(emphasis and underline supplied)**

74.    That Court's holding in *U.S. v. Hartwell*, 448 F.3d 707 (4th Cir. 2006),   is so important that it merits a second quotation:

> This is because **subject-matter jurisdiction** can "**never be forfeited or waived**"; "it involves a court's power to hear a case." Cotton, 535 U.S. at 630, 122 S.Ct. 1781. And any action by a court **without subject-matter jurisdiction** is "ultra vires" and therefore **void**. **(emphasis and underline supplied)**

75.    The term "*ultra vires*" used by the Court in *U.S. v. Hartwell,* is one that I had never heard until preparing this First Amended Complaint. So I decided to look it up. The term "*ultra vires"* is the most simplistic, yet most powerful reasoning why this Honorable Court must **GRANT** the Relief I am seeking. It simply and effectually surmises what I have been, and continue to be, subjected to.

76.     What does ***ultra vires*** mean?

 *ultra vires* translates to '***beyond the powers***'. It is used to describe an act which **requires legal authority** or power but is then completed outside of or **without the requisite authority**. **(emphasis and underline supplied)**

https://www.lexisnexis.co.uk/legal/glossary/ultra-vires

77.     The issue of Subject Matter Jurisdiction is so inextricably linked, and important, to these matters that I am simply citing a Selected Bibliography of Decisional Law on the subject for the Review of the Court.

The case of *United States v. Cotton*, 535 U.S. 625 (2002):

> Bain's elastic concept of jurisdiction is not what the term "jurisdiction" means today, i.e., "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998). This latter concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can **never** **be forfeited or waived.** Consequently, defects in subject-matter jurisdiction **require correction regardless** of whether the error was raised in district court. See, e.g., *Louisville Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).**(emphasis and underline supplied)**

The case of *United States v. Parker,* 36 F. Supp. 3d 550 (W.D.N.C. 2014):

> Federal subject matter jurisdiction in a criminal case—this Court's statutory or constitutional power to adjudicate cases—can **never** be forfeited or waived. Consequently, defects in subject matter jurisdiction **require correction regardless of when the error is raised**. *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) ; *United States v. Hartwell,* 448 F.3d 707, 715 (4th Cir.2006) (any action by a court without subject matter jurisdiction is **ultra vires** and therefore **void**). **(emphasis and underline supplied)**

78.     As I have repeatedly set forth in this Civil Rights Complaint, I was **never** in the state of Florida on October 5, 2018, the date of the alleged "*criminal act*." I steadfastly maintain that what I wrote in my Show Cause Answer was/is **not** a threat and was/is **not** a criminal act. Please see *Elonis v. United States*, 575 U.S. 723 (2015), attached to this Civil Rights Complaint as **Exhibit D.**

From September 16, 2018, through the filing of this Civil Rights Complaint, I was/am a citizen of the sovereign state of South Carolina, and I was **never** within the State of Florida. Now turning to the issue of Subject Matter Jurisdiction, I would reference the Decision of the U.S. Court of Appeals for the Fourth Circuit in *Brickwood Contrs. v. Datanet Engineering*, 369 F.3d 385 (4th Cir. 2004):

> Holding that "questions of **subject-matter jurisdiction** ... **must** be raised *sua sponte* "Summary of this case from *Nw. Mut. Life Ins. Co. v. Moore* **(emphasis and underline supplied)**

79.     The way I read and understand the Court's Decision in *Brickwood Contrs. v. Datanet Engineering*, 369 F.3d 385 (4th Cir. 2004), the issue of Subject Matter Jurisdiction is something for the Court, <u>on its own volition to raise.</u> This is the case even though I have repeatedly raised it before and am now raising it again. Simply put the State of Florida, besides **not having** <u>Personal Jurisdiction</u> over me in these matters, it also <u>did **not** and does **not** possess</u> <u>Subject Matter Jurisdiction.</u> Period.

80.     The alleged "*threats*", please see *Elonis v. United States*, 575 U.S. 723 (2015), **Exhibit D,** were made on <u>my computer in South Carolina</u> and **not** in Florida. I was <u>living hundreds of</u> <u>miles from Florida at the time the alleged "*crime*" occurred.</u> I was **never** in the State of Florida when the alleged "*threats*" occurred, and accordingly, I was not then nor was I ever, a "*fugitive*" from justice. My actions, if they truly were "*criminal*" and <u>I don't believe they were,</u> only represent a potential violation of Federal Law, or South Carolina Law, but most certainly my actions were **not** a violation of Florida Law or North Carolina Law. As an analogous example, although I have <u>never</u> operated a motor vehicle under the influence of any drugs or alcohol, but for the sake of argument, (*arguendo*) let's suppose that I did so in my hometown of Sumter, South Carolina. And then let's suppose that I was stupid enough to post a video of myself driving drunk on YouTube. Then let's suppose such a video was seen by the authorities in Florida. Would the authorities in Florida then be justified in seeking my arrest for felony driving under the influence in the state of Florida, via a "*fugitive warrant*"? <u>Of course not, but this is precisely what has been and is</u> <u>occurring in these matters, right now,</u> and it is for such reasons that this Court must **GRANT** the Relief that I am respectfully seeking in this Civil Rights Complaint.

81.     The issues I am raising in this Civil Rights Complaint are not far-fetched or fanciful. <u>These</u> <u>are actual events that really happened and are continuing to happen.</u> This Court is free to phrase it in any appropriate legalese it so chooses since I am not an attorney, but my Constitutional Rights have been trampled and abrogated by the actions of the Defendants, and while the state of Florida did **not** have Subject Matter Jurisdiction in these matters, this Honorable Court most definitely does have Subject Matter Jurisdiction, and I respectfully submit that it is not within the purview of

this Court to ignore or dismiss my grave circumstances and concerns.

82.     Based upon what is contained above in **Issue IV,** the actions that I have been subjected to at the hands of the Defendants were/are *void ab initio* and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are *ultra vires* or <u>beyond their powers</u>. The despicable actions previously taken against me and continuing until this very day, required legal authority or power but instead such actions were/are being completed outside of and without the requisite authority. Accordingly, this Honorable Court must **GRANT** the Relief I am seeking, even if I have not technically requested such Relief in the correct manner since I am not an attorney. Quoting the direct language of the United States Court of Appeals for the Fourth Circuit: ("<u>Rules of practice and procedure are devised **to promote the ends** of justice, **not** to defeat them</u>."); *Curry v. Beatrice Pocahontas Coal Co.*, 67 F.3d 517, 522 n.8 (4th Cir. 1995) ("The normal rule of course is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely ***sua sponte***) when **the equities require**." (internal citation omitted)). **(emphasis and underline supplied)**

**ISSUE V:** **My Constitutional Rights & Protections Were Abrogated And The Restrictions on the Defendants Were Absent**

83.     I am a law-abiding citizen of this great nation, just like the members of this Court now reviewing this Civil Rights Complaint. The Judges of this Court have Constitutional Rights which are enshrined within the United States Constitution, the various State Constitutions, and a host of other, controlling legal authorities. <u>The preservation of one's Constitutional Rights are sacrosanct and inviolable</u>. I am left with the grim task of reporting to this Honorable Court that my Constitutional Rights have not been treated in a sacrosanct and inviolable manner, and that is why this Court must act swiftly and decisively in these matters, and **GRANT** the Relief I am seeking without delay.

84.     I along with every other American has the inherent Right to be left alone and free from unwanted or untoward government intrusions on my person or property. Especially, as the case is here, such unwanted and untoward government intrusions were based upon <u>bad faith and harassment which equate to malicious prosecution and abuse of process</u>.

85.     In the case of *In Matter of an Application of U.S.,* 849 F. Supp. 2d 526 (D. Md. 2011), a Decision from which the Federal Court wrote:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

> U.S. Const. amend. IV. Rooted in early British constitutionalism and the American colonial experience of unchecked monarchic power, the **Fourth Amendment protects** individual privacy by establishing **a right to be secure against unreasonable** searches and **seizures** by the government. See *Chimel v. California,* 395 U.S. 752, 760–61, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) (citing *United States v. Rabinowitz,* 339 U.S. 56, 69, 70 S.Ct. 430, 94 L.Ed. 653 (1950) (Frankfurter, J., dissenting)). Accordingly, the threshold issue in every Fourth Amendment analysis is whether a particular government action constitutes a "search" or **"seizure"** within the meaning of the Amendment. See *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (stating that the Fourth Amendment "protects two types of expectations, one involving 'searches,' **the other 'seizures.'** "); see also Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 2.1 (2010) (explaining that the words "searches and seizures" are terms of limitation; law enforcement practices do not fall within the ambit of the Fourth Amendment unless they are either "searches" or **"seizures."**). **(emphasis and underline supplied)**

86.     It is abundantly clear, and beyond dispute, that I was hauled out of my home on the evening of October 12, 2018. I was thrown on the ground in front of my elderly Mother, handcuffed, with guns pointed at my head. I was then treated like an animal and caged in jails in South Carolina North Carolina, Georgia, and finally in Florida, from October 12,, 2018 through November 21, 2018. After this degradation I was **again** illegally arrested on another "***fugitive warrant***" issued in the <u>absence of all jurisdiction</u> by the Defendants, in Goldsboro, North Carolina on May 7, 2021, and held in the disgusting Wayne County, North Carolina Jail until July 2 2021. Therefore, it is without question that the Defendants wreaked havoc on my life and destroyed me. The Defendants caused and are continuing to cause, irreparable harm to me in the <u>absence of all jurisdiction</u>. They lack both Personal Jurisdiction as well as Subject Matter Jurisdiction in these matters.

87.     In the case of *Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992), the Sister Court of this Court held that I (and everyone) has a Constitutional Right to be free from unlawful arrests and deprivations of freedom and liberty when such arrests are procured in the <u>absence of all jurisdiction</u>. The Court held, in part:

> An individual has a **federally protected right** to be free from **unlawful arrest and detention** <u>resulting in a significant restraint of liberty and violation</u> of this right may be grounds for suit under 42 U.S.C. § 1983. See *Dennis v. Warren*, 779 F.2d 245, 247 (5th Cir. 1985). An arrest or detention may be **unlawful** if it is accomplished **without due process of law as required by the Constitution.** See *Baker v. McCollan*, 443 U.S. 137, 144-45, 99 S.Ct. 2689, 2694-95, 61 L.Ed.2d 433 (1979). (**emphasis and underline supplied**)

88.     Based upon what is contained above in **Issue V**, the actions that I have been subjected to at the hands of the Defendants were/are *void ab initio* and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are *ultra vires* or **beyond their powers**. The despicable actions previously taken against me and continuing until this very day, required legal authority or power but instead such actions were/are being completed outside of and without the requisite authority. Accordingly, this Honorable Court must **GRANT** the Relief I am seeking, even if I have not technically requested such Relief in the correct manner since I am not an attorney. Quoting the direct language of the Court: ("<u>Rules of practice and procedure are devised **to promote the ends** of justice, **not** to defeat them</u>."); *Curry v. Beatrice Pocahontas Coal Co.* , 67 F.3d 517, 522 n.8 (4th Cir. 1995) ("The normal rule of course is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely *sua sponte* ) when **the equities require**." (internal citation omitted)). (**emphasis and underline supplied**)

35

**ISSUE VI:** These Matters are an Indelible Exception to the Younger Abstention and Relief Must be Granted in the Interests of Justice

89.    I wish to begin this section of this Civil Rights Complaint, with a citation from the U.S. Court of Appeals for the Fourth Circuit's Decision in *Ostergren v. Cuccinelli*, 615 F.3d 263 (4th Cir. 2010)

> "We review **de novo a properly preserved constitutional claim**." *United States v. Hall*, 551 F.3d 257, 266 (4th Cir. 2009).**(emphasis and underline supplied)**

90.    The following excerpt is from another Decision of the U.S. Court of Appeals for the Fourth Circuit. I have been drafting this Civil Rights Complaint over several weeks and time is currently winding down. However, this excerpt is so important that I am citing it without the named case.

> As a general matter, federal courts should **not abstain** from adjudicating controversies properly before them. See *Richmond, Fredericksburg Potomac R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993) (recognizing that the "obligation to hear cases properly before the district court is "**virtually unflagging**'") (quoting *Colorado River Water Conserv'n Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)); see also *Employers Resource Mgt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995) (noting "the basic proposition that "abstention from the exercise of federal jurisdiction is the exception, **not the rule**'") (quoting *Hawaii Housing Auth. v. Midkiff* 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)). (**emphasis and underline supplied**)

91.    In *Younger v. Harris*, 401 U.S. 37 (1971), the High Court set parameters but **not** a preclusion. To briefly excerpt *Younger:*

> 2. Federal courts will not enjoin pending state criminal prosecutions **except** under **extraordinary circumstances** where the danger of **irreparable loss is both great and immediate** in that (unlike the situation affecting Harris) there is a threat to the plaintiff's federally protected rights that cannot be eliminated by his defense against a single prosecution.(**emphasis and underline supplied**)

92.    A court should disregard Younger's mandate only where (1) there is a showing of **bad faith** or **harassment** by state officials responsible for the prosecution; (2) the state law to be

36

applied in the criminal proceeding is flagrantly and patently <u>violative of express constitutional prohibitions;</u> or (3) **other extraordinary circumstances** exist that present a threat of **immediate and irreparable injury**. *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). **(emphasis and underline supplied)**

93.    The Younger Abstention as cited above has three (3) separate variations where a United States District Court must act if any one of the three are present. However, in my specific case and circumstances all three (3) variations are present! This Court doesn't have to "imagine" that I was arrested on a "***fugitive warrant***" from a state where I did **not** live, and where I was **not** within its jurisdiction when an alleged "*crime*" occurred. This actually happened in the United States of America. Accordingly, and without any doubt, **all three (3) of the exceptions to *Younger*** are most certainly present in these matters.

94.    As set forth in detail earlier, and outlined on the map of the South Eastern United States which is a part of this Civil Rights Complaint, I lived in Pensacola, Florida in the sovereign state of Florida,   only through Saturday, September 15, 2018, when I finally and <u>completely ceased to live and reside in that State.</u>

95. On September 16, 2018, I relocated back to my hometown of Sumter, South Carolina in the sovereign state of South Carolina, and have consistently lived and been a citizen of Sumter, South Carolina since <u>September 16, 2018</u>.

96.    After relocating to Sumter, South Carolina on September 16, 2018, I subsequently filed an Answer to an Order to Show Cause in Florida Family Law Case 2009 DR-003717 on <u>October 5, 2018. However, at all times relevant to said filing I was always a citizen of and resided in the sovereign state of South Carolina,</u> and was **never** in Florida. It was/is impossible for me to be a *fleeing felon* and it was/is <u>in the absence of all jurisdiction</u> for the Court in Escambia County, Florida to issue a "***fugitive warrant***" for my arrest in Sumter, South Carolina.

97.    At approximately 10:00 p.m. on October 12, 2018, without any warning, and in <u>the absence of all jurisdiction</u> (**subject matter and personal**), the authorities in Pensacola, Florida (Defendants) procured a "***fugitive warrant***" for my arrest in Sumter, South Carolina. They knew precisely where I was/am living and I was/am not hiding from anyone because my home address was clearly written on my Answer to the Order to Show Cause. I certainly was not a "*fleeing felon or fugitive*" in any **Black Letter Law** or **Rule of Law** sense of the meaning.

98.    I was jailed like a dog for a "*crime*" that was not and is not a crime, and, even assuming for argument sake that it was a "*crime*" the state of Florida was absolutely without any legal justification or any jurisdiction to have me arrested on a "***fugitive warrant***."  I was treated like a dog and housed in filthy conditions and extradited to Florida, a State where I was never in when the alleged "*crime*" took place. For lack of a better term I was shipped in a steel dog crate from South Carolina, to North Carolina, and then put in a jail in Pinehurst, Georgia for weeks, until

Florida finally sent for me. In all I was illegally deprived of my liberty and freedom from October 12, 2018 until November 21, 2018. Even then I was not "*free*" as I was put under "conditions" of release that I am still suffering from to this day! Please see the attached **Exhibits A-L.** This Court must act because you know it is the right thing to do in the interests of justice.

99.     But the nightmare doesn't end there. No. On May 7, 2021, I was visiting family in Goldsboro, North Carolina in the sovereign state of North Carolina, where I was visiting with relatives. The authorities in Pensacola, Florida, the Defendants once again, swore out another baseless and illegal "*fugitive warrant*" for my arrest on May 7, 2021, for matters related to the events of October 5, 2018, <u>which at all times occurred in the sovereign state of South Carolina</u>. I was housed in the disgustingly filthy Wayne County, North Carolina Jail from May 7, 2021 through July 2, 2021. Again, my Constitutionally guaranteed freedom and liberty was gutted and thrown in the garbage by the Defendants. I am **not** okay with this in the least, and neither should this Court. I am attaching as **Exhibits A-L** to this Civil Rights Complaint which demonstrate that the irreparable harm and extraordinary circumstances have **not** gone away. But, rather, are still present warranting this Court's immediate action. The attached **Exhibits A-L** are just a small sampling of the irreparable harm that I am currently suffering and will continue to suffer until this Court **GRANTS** me the Relief I am entitled to.

100.    I respectfully submit that with all of the Decisional Law, Constitutional Guarantees & Protections, and all other legal authorities cited herein, that I am **entitled to a Hearing on these matters**. The Sister Court of this Honorable Court held in the case of *Reed v. Giarrusso*, 462 F.2d 706 (5th Cir. 1972), wrote in part as follows:

> We note that the complaint, as discussed above, makes allegations which, if proved, would <u>entitle them to relief **even under the stringent standards** of</u> Younger. Younger requires, for federal injunctive relief against a pending state criminal prosecution, a showing of "irreparable injury". The irreparable injury may, of course, be established by a showing of "<u>bad faith, harassment, or any other unusual circumstance that would call for equitable relief</u>." 401 U.S. at 54, 91 S.Ct. at 755. In the present case, the appellants alleged bad faith, harassment, and other grounds of irreparable injury. **They are entitled to a hearing on these allegations**. See *Younger v. Harris,* supra; *Dyson v. Stein*, supra; *Sheridan v. Garrison*, 5 Cir. 1969, 415 F.2d 699; *Dawkins v. Green*, 5 Cir. 1969, 412 F.2d 644; see also *Gornto v. Thomas*, 5 Cir. 1971, 439 F.2d 1406; *Peoples v. City of Birmingham*, 5 Cir. 1971, 440 F.2d 1352; *Star-Satellite v. Rosetti*, 5 Cir. 1971, 441 F.2d 650; *Buie v. Pigott*, 5 Cir. 1971, 439 F.2d 153. **(emphasis and underline supplied)**

> The district court's dismissal of the case is reversed and the case is **remanded** to the district court for **a hearing on the merits**. **(emphasis and underline supplied)**

101. Based upon what is contained above in **Issue VI,** the actions that I have been subjected to at the hands of the Defendants were/are ***void ab initio*** and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are ***ultra vires*** or **beyond their powers**. The despicable actions previously taken against me and continuing until this very day, required legal authority or power but instead such actions were/are being completed outside of and without the requisite authority. Accordingly, this Honorable Court must **GRANT** the Relief I am seeking, even if I have not technically requested such Relief in the correct manner since I am not an attorney. Quoting the direct language of the Court: ("Rules of practice and procedure are devised **to promote the ends** of justice, **not** to defeat them."); *Curry v. Beatrice Pocahontas Coal Co.*, 67 F.3d 517, 522 n.8 (4th Cir. 1995) ("The normal rule of course is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely ***sua sponte*** ) when **the equities require**." (internal citation omitted)). **(emphasis and underline supplied)**

## SUMMARY AND CONCLUSION

102.  Again, my writing in this Civil Rights Complaint is in no way intended to be insulting towards this Court. I am not an attorney. My background and training is in education in that I taught on the college and university level for some 20 years. So I am asking for this Court's indulgence in that I realize, from my own research, that this Civil Rights Complaint is not the normal type of pleading that this Court receives. I am writing it in language that I understand best and am hoping that the Court will Review it with this in mind. However, the legal arguments I have made, while not made by an attorney, are still true and correct, regardless.

103.  Assume that everything I am about to write is true and correct. **Which it absolutely, positively is**.

- I relocated back to my home State of South Carolina on September 16, 2018.
- I lived exclusively in the State of South Carolina continuously from that point forward.
- I was in my home, in Sumter, South Carolina on October 5, 2018, when I wrote my Answer to Show Cause Order in a Florida Family Law Case. I was **never** within the jurisdiction of the State of Florida.
- On October 12, 2018, I was arrested, at my home, in Sumter, South Carolina by South Carolina Law Enforcement, based upon a ***"fugitive warrant"*** issued for my arrest by the Defendants in Florida. Two important facts are worth noting about this. First, my address was clearly known to the Defendants as I listed it on my Show Cause Answer. And, second, if I was truly a "***fleeing felon***" why would I be sitting in my living room, with my elderly Mother, watching television at 10:00 p.m. on a Friday night?
- I was caged and transported like an animal from October 12, 2018 through November 21, 2018. This represents an extreme, illegal, and unjustified deprivation and abrogation of my Constitutionally Protected Rights to freedom and liberty.
- Subsequent to this horrific treatment I was again subjected to an extreme, illegal, and unjustified deprivation and abrogation of my Constitutionally Protected Rights to freedom and liberty. On May 7, 2021, the Defendants once again, having learned nothing from their first transgressions and bad faith, untoward acts, procured another "***fugitive warrant***" for my arrest and I was arrested while visiting family in Goldsboro, North Carolina, and was deprived of my freedom and liberty from May 7, 2021, through July 2, 2021. And these deprivations of liberty, freedom, and Protected Constitutional Rights are **continuing and ongoing** in that I am under an illegal probationary confinement and sentence due to the actions taken by the Defendants in the absence of all jurisdiction.
- Even assuming, *arguendo,* that what I wrote in my Show Cause Answer was a "*crime*" and I steadfastly maintain that it was **not**, see *Elonis v. United States*, 575

U.S. 723 (2015), **Exhibit D,** the State of Florida was/is <u>absent of any and all jurisdiction to charge me with anything</u>. This cannot be disputed or ignored by this Honorable Court. The only jurisdictions that had the authority or jurisdiction to charge me with a crime was the State of South Carolina and/or the United States Attorney for the South Carolina District. But most certainly not the State of Florida as I was **never** there.

104.   **Plain error** has been defined as those errors that **"seriously affect the fairness, integrity, or public reputation of judicial proceedings."** *United States v. Atkinson* , 297 U.S. 157, 160 (1936). And the plain errors are abundantly clear in these matters. I may not style my arguments in the typical legalese this Court is used to, but the violations of my Protected Constitutional Rights is readily apparent and cries out for justice. **(emphasis and underline supplied)**

105.   In the case of *United States v. Olano*, 507 U.S. 725 (1993), the United States Supreme Court wrote:

(a) A court of appeals has discretion under Rule 52(b) to correct **"plain errors** or defects **affecting substantial rights"** that were forfeited because not timely raised in the district court, which it should exercise only if the errors "<u>seriously affect the fairness, integrity or public reputation of judicial proceedings,</u>" *United States v. Atkinson*, 297 U.S. 157, 160. There are three limitations on appellate authority under Rule 52(b). First, there <u>must be an "error</u>." A deviation from a legal rule during the district court proceedings is an error unless the defendant has waived the rule. Mere forfeiture does not extinguish an error. Second, <u>the error must be "plain," a term synonymous with</u> **"clear" or, equivalently, "obvious**." Third, the plain error must "**affec[t] substantial rights**," which normally means that the error must be prejudicial, affecting the outcome of the district court proceedings.

106.   In keeping with the reasoning used by the United States Supreme Court there was a error in my case. To be more specific the error was a plain error. In the somewhat similar facts/circumstances case of *Tisdale v. Nadramia*, C/A No. 3:11-647-MBS (D.S.C. Mar. 5, 2012), In *Tisdale* the Plaintiff actually had his Civil Rights Complaint <u>served</u> upon the Defendants, whereas I was not afforded like treatment in that my Complaint was never served upon the Defendants. And this constitutes a denial of my Due Process and Equal Protection Rights under the Fifth and Fourteenth Amendments to the United States Constitution and conflicts with Decisional Law of this Circuit. Additionally the Plaintiff in *Tisdale* failed because he allegedly was in Florida, committed the alleged crime there, fled the State of Florida, the investigation was conducted in

41

Florida, and the arrest warrant was issued in Florida.

107.    Juxtapose the situation in *Tisdale* with mine. I relocated and moved out of the State of Florida on September 16, 2018. I lived and continue to live permanently in the State of South Carolina. I was **never** within the jurisdiction of the State of Florida when an alleged and purported "*crime*" occurred on October 5, 2018. I was brutally arrested and jailed on October 12, 2018, based upon a "*fugitive warrant*" issued by the State of Florida when I was not a "*fugitive.*" However, the same Court that Ordered Tisdale's Complaint served on the Defendants in Florida Dismissed my Complaint.

108.    Such actions represent **plain error** as the United States Supreme Court described in *United States v. Olano*, 507 U.S. 725 (1993) and in this Court's Review I would ask that the Court **GRANTS** any and all other Relief, within its power, to effectuate the ends and interests of justice, whatever shape or form such Relief may take.

109.    In the case of *Utsey v. McCall*, Civil Action No.: 8:13-cv-01433-JMC (D.S.C. Aug. 30, 2016), the United States District Court for the District of South Carolina, the very same Judge as in my case, wrote the following regarding Personal Jurisdiction:

> Additionally, it appears to this court that Petitioner challenges the jurisdiction of the South Carolina circuit court in which he was convicted. In general, circuit courts have subject matter jurisdiction over criminal matters in which the appropriate charges are filed. *State v. Crocker*, 612 S.E.2d 890, 894 (S.C. Ct. App. 2005). Further, **personal jurisdiction** in a criminal case "**lies in the state or county where the crime was committed**." Id. **Both types of jurisdiction are required** in order for a conviction to be **valid**. Id. **(emphasis and underline supplied)**

110.    In *Winslow v. Smith*, 696 F.3d 716 (8th Cir. 2012), the Sister Court of this Court held that actions such as those I have been subjected to and continue to be subjected to, by the Defendants are "*shocking to the contemporary conscience*." Please see the following excerpt:

> Applying de novo review, we conclude that **the district court erred by failing to grant all reasonable inferences to Plaintiffs** and that the evidence is sufficient to support Plaintiffs' claims that their rights to fair criminal proceedings were violated as the result of a reckless investigation and Defendants' **manufacturing of false evidence**. **(emphasis and underline supplied)**

> The Due Process Clause of the Fourteenth Amendment provides that "[n]o State ... shall ... deprive any person of life, liberty, or property, **without due process of law**." U.S. Const. amend. XIV, § 1. To breach the shield of qualified immunity by

42

establishing a "violation of substantive due process rights by an ... official, a plaintiff must show (1) that the official **violated one or more fundamental constitutional rights,** and (2) that the conduct of the ... official **was shocking to the 'contemporary conscience**.' " *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir.2007) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).**(emphasis and underline supplied)**

To prove a violation of their Fourteenth Amendment rights, Plaintiffs must also show that Defendants' reckless investigation **deprived Plaintiffs of their liberty**. See *Whitlock,* 682 F.3d at 582 ("[A] violation of the Fourteenth Amendment does not occur unless a person is '**deprive[d] ... of life, liberty, or property, without due process of law.'** " (quoting U.S. Const. amend. XIV, § 1)). <u>False evidence or evidence derived from a reckless investigation only **violates a criminal defendants' due process rights if it is "used to deprive the defendant of her liberty** in some way</u>." See id. at 580. **(emphasis and underline supplied)**

We next determine whether the constitutional violations in this case were so egregious so as to shock the conscience. "Only in the rare situation when the state action is 'truly egregious and extraordinary' will a substantive due process claim arise." *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir.), cert. denied,—— U.S. ——, 133 S.Ct. 124, 184 L.Ed.2d 27 (2012). <u>"**Substantive due process** 'is concerned with **violations of personal rights** ... so severe ... so disproportionate to the need presented, and ... **so inspired by malice or sadism** rather than a merely careless or unwise excess of zeal that it amounted to **brutal and inhumane abuse of official power**....' "</u> *Golden ex rel. Balch v. Anders*, 324 F.3d 650, 652–53 (8th Cir.2003) (alterations in original).**(emphasis and underline supplied)**

111.    I have exhaustively detailed the terrible and horrific injustices and deprivations that I have been subjected to within this Civil Rights Complaint. The Decisional Law and other legal authorities I have cited herein, scream injustice and illegal and unconstitutional deprivations of my freedom and liberty. I am respectfully requesting that this Honorable Court does this right thing and **GRANTS** me Relief. No one is above the law in this nation and no one must be allowed to pervert the law for their own, vengeful and bad faith aims

112.    In *Jordan by Jordan v. Jackson*, 15 F.3d 333 (4th Cir. 1994) the United States Court of Appeals for the Fourth Circuit held in part:

Assuming that a plaintiff has the requisite Article III standing, a failure to train can constitute a "policy or custom" actionable under section 1983 only where the

43

"municipality's failure to train its employees in a relevant respect evidences a `***deliberate indifference***' to the rights of its inhabitants." *City of Canton*, 489 U.S. at 388, 109 S.Ct. at 1205; see also id. at 390-92, 109 S.Ct. at 1205-07; *Mitchell v. Aluisi*, 872 F.2d 577, 581 (4th Cir. 1989); *Spell*, 824 F.2d at 1390. And only if, "in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, <u>and the inadequacy so likely to result in the *violation of constitutional rights*," can a municipality reasonably "be said to have been deliberately indifferent to that need."</u> *City of Canton*, 489 U.S. at 390, 109 S.Ct. at 1205. .**(emphasis and underline supplied)**

## RELIEF SOUGHT

113.    I want to thank this Court for giving me the opportunity to submit this Civil Rights Complaint. I am not an attorney but I consider myself an intelligent person, and the things that have happened to me should **never** be permitted to happen again, to anyone.

114.    The United States Court of Appeals for the Fourth Circuit   *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006), held as follows

A court should disregard Younger's mandate only where (1) there is a showing of **bad faith** or **harassment** by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently <u>violative of express constitutional prohibitions;</u> or (3) **other extraordinary circumstances** exist that present a threat of **immediate and irreparable injury**. **(emphasis supplied)**

115.    Based upon everything that is contained within this Civil Rights Complaint, which <u>I am attesting and swearing to as the absolute, unequivocal truth, before a Notary Public.</u> I have been and am the victim of bad faith and harassment by the state officials in Florida. And, the actions I have been subjected to are flagrantly and patently violative of express constitutional prohibitions. And, there are numerous and multiple other extraordinary circumstances present and I, once again, respectfully incorporate, my Original Civil Rights Complaint filed in this case in April of 2020 and its and its Paragraphs 1-422, and its Appendixes 1-83, by reference as if quoted verbatim herein. My Civil Rights Complaint contains events and occurrences that "***shock the conscience***" and are absolutely the truth.

116.    <u>All I am asking is to **have my day in Court**, which has never happened and for this Honorable Court to follow the law. No matter who gets held accountable</u>

44

because no one is above the law.

117. In a similar facts/circumstances case, from the United States District Court for the South Carolina District in *Tisdale v. Nadramia*, C/A No. 3:11-647-MBS (D.S.C. Mar. 5, 2012), Tisdale's Complaint was served upon the Florida Defendants. Although things didn't work out for Tisdale, <u>at least he was given the opportunity to pursue his case as a *pro se.*</u> I respectfully submit my case is distinguishable from Tisdale's in that while he was in the State of Florida, I **never** was. And in the case of *Utsey v. McCall*, Civil Action No.: 8:13-cv-01433-JMC (D.S.C. Aug. 30, 2016), the South Carolina District Court held:

> ". . . **personal jurisdiction** in a criminal case "**lies in the state or county where the crime was committed**." Id. **Both types of jurisdiction are required** in order for a conviction to be **valid**." Id. **(emphasis and underline supplied)**

118. Not being an attorney I may not be technically requesting Relief in the correct manner or asking for what I should be asking for correctly. However, this should not hamper or be used to deny me the Relief I believe I am entitled to under the law and all of the legal authorities contained within this Petition. Besides meeting the criteria required under the <u>Exceptions to Younger</u>, I am still facing immediate and irreparable harm. Attached to this Civil Rights Complaint is just a <u>brief sampling</u> of the concomitant, ongoing harm that I am suffering due to the bad faith, malicious prosecution and harassing actions of the Defendants. I respectfully submit that all elements of <u>Exceptions to Younger</u> are present in this case and this Court should **GRANT** me the Relief that I am seeking.

119. To quote the language used by the United States Court of Appeals for the Fourth Circuit, that Court in its Decisions and particularly in *U.S. v. Hartwell*, 448 F.3d 707 (4th Cir. 2006), that Court wrote, in part:

> <u>This is because</u> **subject-matter jurisdiction** <u>can</u> "**never be forfeited or waived**"; <u>"it involves a court's power to hear a case."</u> *Cotton*, 535 U.S. at 630, 122 S.Ct. 1781. And any action by a court **without subject-matter jurisdiction** <u>is "ultra vires" and therefore</u> **void**. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (quoting *Steel* Co., 523 U.S. at 101-02, 118 S.Ct. 1003).**(emphasis and underline supplied)**

120. It is beyond question that the wording used by the Fourth Circuit Court of Appeals in *U.S. v. Hartwell*, 448 F.3d 707 (4th Cir. 2006), is applicable in these matters. Based upon everything contained within this Civil Rights Complaint and contained within my Original Civil Rights Complaint the Defendants did **not** and do **not** have the following:

They did **not and do not** have Personal Jurisdiction over me;

They Extradited me in the **Absence of all Jurisdiction**;

I was **never** a Fugitive From Justice;

The did **not and do not** have Subject Matter Jurisdiction over me;

They **abrogated and violated** my Constitutional Rights & Protections and the Constitutional Restrictions on the Defendants were Absent;

And these Matters are an **Indelible Exception** to the Younger Abstention and Relief Must be Granted in the Interests of Justice;

121.    Based upon everything contained in this Civil Rights Complaint and within my Original Civil Rights Complaint the events I have described, in detail were undertaken without subject-matter jurisdiction and was/is "***ultra vires***" and therefore void.

122.    I am requesting that this Court ensures that there is fairness, integrity, and a good public reputation of judicial proceedings. What I have endured and continue to endure is anything but fair, it most certainly lacks integrity, and the reputation of the judicial process is being damaged. For these reasons, all of them, this Court must **GRANT** me Relief. I have reviewed thousands of cases of decisional law, statutes, Rules, Constitutional elements, and Court Orders. And I have noticed that in an abundance of Court Orders that the Court will say something to the effect of, and I'm paraphrasing, ". *. the Petitioner has styled his Motion/Petition this way, but what he really means is this, not that, and we GRANT Relief based on what the Petitioner is seeking but did not specifically request*." There is an overabundance of similar such cases out there, but for the sake of brevity I am only excerpting the three below.

*Chambers v. United States*, Civ. Action No. RDB-16-1238 (D. Md. June 20, 2019)

> Petitioner's self-styled "Motion for Reduction in Sentence" is best construed as a Motion to Reduce Sentence Pursuant to 28 U.S.C. § 3582(c)(2).

*Daniels v. Twelfth Judicial Circuit*, SC 21-1263 (Fla. Sep. 21, 2021)

> Petitioner has submitted a document styled "Committee's Emergency Motion for Relief from Cruel and Unusual Punishment," which this Court has treated as a petition for writ of prohibition. The petition is hereby transferred, pursuant to *Harvard v. Singletary*, 733 So.2d 1020 (Fla. 1999), to the Second District Court of Appeal.

*U.S. v. U. S,* Civil Action No. 2:10-1087 (S.D.W. Va. Apr. 12, 2011)

> Both the Supreme Court and our court of appeals have consistently afforded *pro se*

filings a liberal construction. See,e.g., *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) <u>is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, **without counsel**</u>. A document filed *pro se* is `to be liberally construed,' and `a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'") (citations omitted) (quoting also Fed. Rule Civ. Proc. 8(f) ("`<u>**All pleadings shall** be so construed as **to do substantial justice**</u>'")); *Noble v. Barnett*, 24 F.3d 582, 587 n. 6 (4th Cir. 1994) (noting pro se filings "however unskillfully pleaded, must be liberally construed.").**(emphasis and underline supplied)**

123.    The following five (5) cases were all decided by the United States Court of Appeals for the Fourth Circuit and all five (5) cases were decided in a period stretching from 1971 through to 2020, there exists one, underlying common denominator present in all five, and that is that all five cases contain the following sentence:

". . . Rules of practice and procedure are <u>devised to **promote** the ends of justice, **not** to defeat them.</u>" **(emphasis and underline supplied)**

*Howell v. Barker*, 904 F.2d 889 (4th Cir. 1990)

*United States v. Barge Shamrock*, 635 F.2d 1108 (4th Cir. 1980)

*Washington Gas Light Co. v. Virginia Electric & Power Co.*, 438 F.2d 248 (4th Cir. 1971)

*Furka v. Great Lakes Dredge Dock Co., Inc.*, 755 F.2d 1085 (4th Cir. 1985)

*Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020)

124.    "The basis of injunctive relief in the Federal Courts has always been irreparable harm and inadequacy of legal remedies." To establish the irreparable injury requirement, the party must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)); see also *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

125.    Attached with this Civil Rights Complaint is the **Index of Exhibits**, which include, but are

47

not limited to, the following:

**EXHIBIT A**  Order of Dismissal Without Prejudice in Case 3:20-cv-01335-JMC

**EXHIBIT B**  Notice of Finding of Probable Cause for Further Disciplinary
Proceedings in Florida Bar Case 2021-10,071(13A)

**EXHIBIT C**  Reverse and Remand Order of Florida First District Court of Appeal in
Case 1D13-4463

**EXHIBIT D**  *Elonis v. U.S.*, 135 S. Ct. 2001 (2015)

**EXHIBIT E**  Florida Department of Corrections Instructions to "Offender"

**EXHIBIT F**  State of North Carolina Conditions of Release and Release Order

**EXHIBIT G**  State of North Carolina Magistrate's Order for "Fugitive"

**EXHIBIT H**  State of North Carolina "Fugitive" Affidavit

**EXHIBIT I**  Interstate Compact "Offender" Application

**EXHIBIT J**  South Carolina Department of Probation, Parole and Pardon Services
Notice of Ineligibility for Department of Social Services

**EXHIBIT K**  South Carolina Department of Probation, Parole and Pardon Services
Project Ceasefire

**EXHIBIT L**  South Carolina Department of Probation, Parole and Pardon Services
October 28, 2022, Letter Demanding Payment

126.    None of the horrific things I have endured, and continue to endure, was/is in the scope of
the law or jurisdiction of the Defendants. And I should not now, nor ever have been, subjected to
any of these degradations. Period. The actions of the Defendants have violated my Right to Equal
Protection and Due Process of Law in that they have infringed upon and taken away my freedom
and liberty.

127.    When governmental actions, like the actions of the Defendants, as described herein occur,
such actions infringe on fundamental rights, and discriminatory intent is presumed.

128.    The Defendants lack a compelling state interest for their disparate treatment of the
Petitioner.

129.    The Defendants lack a substantial state interest for their disparate treatment of the
Petitioner.

130.     The Defendants lack a rational basis for their disparate treatment of the Petitioner.

131.     The Defendants' denial of equal treatment and denial of due process to the Petitioner is also not narrowly tailored to meet any legitimate government objective.

132.     Accordingly, the actions and policies, as implemented by the Defendants, and others, cited herein, as directed towards the Petitioner violate the Petitioner's right to Equal Protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and other controlling legal authorities cited herein.

133.     The Defendants have caused, and will continue to cause, the Petitioner to suffer undue and actual hardship and irreparable injury.

134.     The Petitioner has no adequate remedy at law to correct the continuing deprivations of his most cherished Constitutional liberties.

135.     As a direct and proximate result of Defendants' continuing violations of Plaintiff's rights, the Plaintiff has suffered in the past, and will continue to suffer in the future, damages, including but limited to, the loss of the ability to exercise his Constitutional rights, as well as all other Rights cited in **Paragraphs 1-138**   and **Appendixes A-L.**

136.     The Plaintiff respectfully Prays that this Court **GRANTS** the **Declaratory Judgment and Injunctive Relief** requested herein and award such other Relief to the Plaintiff that the Court deems as just, necessary, and in the interests of justice.

137.     I admit that I am not a perfect person. I have my own faults and foibles just like every human being. However, no one should **ever** be treated like I have been treated. There is a reason that I incorporated the map of the South Eastern United States as Page 17 in this Civil Rights Complaint. Along with everything else contained within this Civil Rights Complaint that map should more than illustrate that what has transpired must **not** be permitted to stand. I am respectfully requesting that this Honorable Court liberally construes this Civil Rights Complaint and that the Court **GRANTS** me Relief in any manner, shape or form. Please do not allow or permit legal technicalities deny me the Relief that I am entitled to.

138.     Simply because this Civil Rights Complaint is being filed by me, acting *pro se*, and is not being filed by an attorney, does **not** invalidate the controlling law and Constitutional guarantees afforded to each and every citizen of the United States. Again I respectfully submit to this Court that no one is above the law. I am swearing to the truthfulness of everything contained within this Civil Rights Complaint, under penalty of perjury, so help me God.


     **WHEREFORE**, the Plaintiff Prays for the following Relief:

(1) That this Court **ACCEPTS** this **Civil Rights Complaint for Declaratory Judgment,**

**Preliminary and Permanent Injunctive Relief and for Other Relief** and construes these matters in a light most favorable to the Plaintiff, taking note that I am swearing to everything herein before a Notary Public. And that the Court accepts all well pled allegations as true and correct through a careful and detailed review of this Civil Rights Complaint, the legal authorities cited in support of this First Amended Complaint, and in the documentation that the Plaintiff has provided in **Paragraphs 1-138** and **Exhibits A-L;**

(2) **DECLARE** that, immediately, all matters currently pending and proceeding in the lower tribunal, in the First Judicial Circuit of the State of Florida, as they concern the Plaintiff, **ROBERT MICHAEL ARDIS**, are hereby *Held in Abeyance*, (**Order of Abeyance**) until such time as the Court fully and completely reviews and considers this **Civil Rights Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief and for Other Relief.** This Court is authorized to grant such Relief pursuant to 28 U.S.C. § 1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; 28 U.S.C. § 1367, which gives the District Courts supplemental jurisdiction over state law claims; 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District Courts jurisdiction to grant declaratory relief; Rule 57, Fed. R. Civ. Proc.;

(3) **DECLARE**, pursuant to the **Federal Declaratory Judgment Act of 1934**, 48 Stat. 955, as amended; 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District Courts jurisdiction to grant declaratory relief; Rule 57, Fed. R. Civ. Proc.; and Florida Statutes § 86 et. seq., and all other authorities cited in **Paragraphs 1-138** and **Exhibits A-L,** that the Defendants did not/do **not** have jurisdiction over the Plaintiff concerning any and all matters relevant to the October 12, 2018, illegal arrest and unconstitutional arrest of the Plaintiff on Sumter, South Carolina based upon the illegal, *"fugitive warrant"* procured by the Defendants through bad faith and untoward methods. Likewise, the Defendants did not/do **not** have jurisdiction over the Plaintiff concerning any and all matters relevant to the May 7, 2021, illegal and unconstitutional arrest in Goldsboro, North Carolina. And that any and all such subject matter and personal jurisdiction, over the Plaintiff in such matters, rests solely with the sovereign state of South Carolina or the United States Attorney for the South Carolina District, should either decide to pursue such charges;

(4) **DECLARE**, pursuant to the **Federal Declaratory Judgment Act of 1934**, 48 Stat. 955, as amended; 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District Courts jurisdiction to grant declaratory relief; Rule 57, Fed. R. Civ. Proc.; and Florida Statutes § 86.01 et seq. that the *"Orders"* issued, and any hearings conducted, by the Defendants in **Florida Case 18-CF-006350A,** and any "hearings" or "Orders" in said Case which occurred after the Plaintiff physically and legally moved from the state of Florida, to the state of South Carolina, are **DECLARED** null and void and lacking legal efficacy, or legal effect, and that such *"Orders"* are non-binding and have no force of law on the Petitioner or any other parties. Declare all such actions *void ab initio* and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are *ultra vires* or **beyond their powers**. This Court is authorized to grant such Relief pursuant to 28 U.S.C. § 1331, which

gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; 28 U.S.C. § 1367, which gives the District Courts supplemental jurisdiction over state law claims; 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District Courts jurisdiction to grant declaratory relief; Rule 57, Fed. R. Civ. Proc.;

(5) **ENJOIN,** both temporarily and permanently, all Defendants to this action, from taking any actions, whatsoever, in any matter, in which the Plaintiff is a potentially named party based upon the strict wording found in *Rule 2.330(j), Fla. R. Jud. Admin.*, and in this **Civil Rights Complaint** based upon the case law cited in support of such **Injunctive Relief** found within this **Civil Rights Complaint**. This Court is authorized to grant such Relief pursuant to 28 U.S.C. § 1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; 28 U.S.C. § 1367, which gives the District Courts supplemental jurisdiction over state law claims; 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District Courts jurisdiction to grant declaratory relief; Rule 57, Fed. R. Civ. Proc.;

(6) **ENJOIN**, both temporarily and permanently all Defendants to this action, from any association, whatsoever, with any criminal or civil matter in which the Plaintiff is a named party, based upon the averments contained in this **Civil Rights Complaint**, please see **Paragraphs 1-138** and **Exhibits A-L**. This Court is authorized to grant such Relief pursuant to 28 U.S.C. § 1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; 28 U.S.C. § 1367, which gives the District Courts supplemental jurisdiction over state law claims; 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District Courts jurisdiction to grant declaratory relief; Rule 57, Fed. R. Civ. Proc.; The Petitioner has met his persuasive burden;

(7) **GRANT** a speedy hearing in these matters, **to be held in person**, by this Court. Based upon the serious nature of these proceedings, and the need for a prompt resolution of same, the Plaintiff avers that based upon what is contained in this **Civil Rights Complaint,** that this Court is authorized to grant such Relief pursuant to 28 U.S.C. § 1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; 28 U.S.C. § 1367, which gives the District Courts supplemental jurisdiction over state law claims; 28 U.S.C. § 2201 and 28 U.S.C. § 2202, which gives the District Courts jurisdiction to grant declaratory relief; Rule 57, Fed. R. Civ. Proc.; and also pursuant to Florida Statutes § 86.111 which holds that: "The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." In accordance with such language, the Plaintiff seeks the priority scheduling of a hearing on this **Civil Rights**

**Complaint**. The Plaintiff's fundamental Due Process and Constitutional rights were and are being infringed and violated daily and a priority hearing is needed and requested;

(8) That this Court **GRANTS** a **writ of *error coram vobis*** regarding the October 12, 2018, Sumter, South Carolina arrest perpetrated against the Plaintiff by the Defendants, as well as the May 7, 2021, Goldsboro, North Carolina arrest perpetrated by the Defendants against the Plaintiff. Please see Blackstone, *Commentaries*, New York, 1827, vol. ii, p. 314; *Bonadonna v. Unknown Defendant*, 181 Fed. Appx. 819 (C.A. 11 (Ga.), 2006); *United States v. Morgan*, 346 US 502 (U.S. Sup. Ct. 1954). In this Prayer for Relief I am asking this Honorable Court to **DECLARE** the actions of the Defendants as they relate to me and my illegal and unconstitutional arrests, were/are ***void ab initio*** and to use a term used by the United States Court of Appeals for the Fourth Circuit, the actions that I have been and continue to be subjected to were/are ***ultra vires*** or **beyond their powers;**

(9)  **GRANT** the Plaintiff leave to Amend this Complaint, should the Court determine that it needs further or additional information regarding any issue contained herein, or clarification regarding any information contained herein;

(10) **DECLARE** and **ORDER** the United States Marshals Office to serve a copy of this **Civil Rights Complaint,** and **Exhibits A-L**, upon the Defendants to this action and **ORDER** each Defendant to file an **ANSWER** to this **Complaint.** The Plaintiff is attaching the last known recorded address for each of the named Defendants**;**

(11) **DECLARE** and **ORDER** that the Plaintiff must be reimbursed the $37,000.00 he posted for bond, "attorney's" fees and costs and attendant expenses, incurred by him due to his illegal and unconstitutional arrests at the behest and instigation of the Defendants;

> As the United States Supreme Court so eloquently held in *Michigan v. Doran*, 439 U.S. 282 (1978):
>
>> The constitution **forbids** a state from exercising its extradition powers based on **false accusations, simple ignorance of the law or wanton abuse of process**. Every state has an equal obligation to see that no such attempt is successful and, simultaneously, that any corrective measures it takes will preserve the constitutional policy underlying extradition. **(emphasis added)**

(12)   That the Court, in the interests of justice, **APPOINTS** Counsel to represent me in these matters since they are so very important, from a Constitutional Law standpoint, and also because I did not have an "attorney" to represent me. Please see the attached **Exhibit B;**

(13)  **GRANT** any and all such other relief that the Court deems just, proper, and in the interests

of justice. Including such Relief based upon the knowledge and expertise of the Court which are not known to the Plaintiff since he is not an attorney;

(14)    I have focused on the law in this **Civil Rights Complaint**. As exhaustively set forth herein, the law is clear on what this Honorable Court is duty bound to do in **GRANTING** me the Relief I so rightfully deserve. Last year I watched a most interesting interview on CNN with Supreme Court Justice Neil Gorsuch. I am closing with a quote from Justice Gorsuch, not from an ideological perspective, but rather from a dispassionate legal perspective. In the interview Justice Gorsuch shared his fundamental philosophy that he shares with all of his law clerks. He called it his '*two, simple rules,*' which are as follows:

> *"Rule number one: Don't make it up -- **follow the law**. Rule number two: when everybody else around you is yelling at you, asking you to make it up and condemning you for not making it up, **refer to rule number one**." **(emphasis supplied)***

Respectfully submitted this 23rd day of March 2023.

R. Michael Ardis, *pro se*
Post Office Box 2949
Sumter, South Carolina 29151
803.236.0859
michael.ardis2001@gmail.com

Sumter, South Carolina
March 23, 2023

**I HEREBY VERIFY THAT EVERYTHING CONTAINED IN THIS FIRST AMENDED VERIFIED COMPLAINT IS THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH.**

State of South Carolina, County of _____ Before me, the undersigned notary public, this day, personally, appeared Robert Michael Ardis, upon presenting identification, South Carolina Driver's License Number 008136670, who being duly sworn according to law, deposes the following: that everything set forth in this First Amended Complaint, and Exhibits A-L, is the truth, the whole truth, and nothing but the truth.

_____(Signature of Affiant)

Subscribed and sworn to before me this 23rd day of March, 2023 _____Notary Public My Commission Expires: June 2, 2031

As set forth above under my Prayer for Relief, what follows is the last known physical address of each named Defendant so that they can be served with this Civil Rights Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Other Relief and its Exhibits.

Darlene Dickey
6865 Caroline Street
Milton, FL. 32570
850.981.5541



William Eddins
4100 N. Cambridge Way
Pace, FL. 32571-7368
850.595.4761

Sarah Harper Crutchfield
16286 Compton Heights Place
Tampa, FL.33647
850.346.1832

Gregory Marcille
2464 Semur Road
Pensacola, FL 32503-3473

54

850.390.3420


Timothy Register
300 East 4th Street
Panama City, FL 32401
850.914.6486


Thomas Williams
190 Governmental Center
Pensacola, FL. 32591-2726
850.595.4445


Respectfully submitted this 23rd day of March 2023.



R. Michael Ardis, *pro se*
Post Office Box 2949
Sumter, South Carolina 29151
803.236.0859
michael.ardis2001@gmail.com


Sumter, South Carolina
March 23, 2023