IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-cv-00150-M-RJ

| | |
|---|---|
| ROBERT MICHAEL ARDIS,<br><br>       Plaintiff,<br><br>v.<br><br>DARLENE DICKEY,<br>WILLIAM EDDINS,<br>GREGORY MARCILLE,<br>TIMOTHY REGISTER,<br>THOMAS WILLIAMS,<br>JANE DOES 1-10, and<br>JOHN DOES 1-10,<br><br>       Defendants. | ORDER |

      This matter comes before the court on the memorandum and recommendation ("M&R") issued by United States Magistrate Judge Robert B. Jones, Jr. pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). DE 21. After conducting a frivolity review in accordance with 28 U.S.C. § 1915, Judge Jones recommends that this court dismiss Plaintiff's complaint for improper venue and failure to state a plausible claim for relief. *Id.* at 6-7. Judge Jones instructed the Plaintiff to file any written objections to his recommendation on or before May 15, 2024. *Id.*

      On May 14, 2024, Plaintiff moved for an extension of time in which to file objections, and Judge Jones extended the deadline to Monday, June 17, 2024. DE 22, 23. On June 28, 2024, Plaintiff filed a document titled, "Verified Objections to Magistrate Judge's Report and Recommendation," and dated the document, "June 17, 2024." DE 24. However, the postage stamp

on the envelope containing the document reflects it was mailed from Columbia, South Carolina on June 2-, 2024; the second digit in the date is illegible. *See* DE 24-1. In any event, it is evident that the document was neither filed nor mailed on or before the deadline, particularly given the presumption that regular mail takes approximately three days and the document was received in this court on June 28, 2024. *See* Fed. R. Civ. P. 6(d). Plaintiff neither sought leave to file his objections out of time nor mentioned in the document the fact that his filing was late. *See* DE 24. Notably, Plaintiff had filed his motion for extension of time before the original deadline expired.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court finds that Plaintiff's objections are untimely and, thus, it is authorized to proceed to review the M&R only for clear error. However, even if the court were to conduct a de novo review, the court would overrule Plaintiff's objections. First, Judge Jones made no credibility determinations nor used inflammatory or unprofessional language in the M&R, and any reference to "nutty," "delusional," or "wholly fanciful" allegations is to a mere parenthetical quote from the Fourth Circuit Court of Appeals describing factual allegations that constitute frivolous claims. *See* M&R, DE 21 at 1. Furthermore, Judge Jones properly found that the operative Amended Complaint fails to allege proper venue in accordance with 28 U.S.C. § 1391(b); none of the

2

Defendants reside in this district, a substantial part of the events giving rise to Plaintiff's claims occurred in Florida and/or South Carolina, not in this district, and given the allegations, it is unlikely any Defendant would be subject to personal jurisdiction in this district. Plaintiff contends that his arrest in Goldsboro, North Carolina suffices to establish venue under § 1391(b)(2); however, he mentions the arrest minimally in the 103-paragraph, 25-page pleading and admits that he "does not seek to hold No[r]th Carolina authorities liable" in this case. Am. Compl. ¶ 43.

Finally, despite Plaintiff's protestations to the contrary, Judge Jones, in considering whether transfer or dismissal is appropriate under 28 U.S.C. § 1406(a), correctly determined that Plaintiff's allegations are improperly vague under Rule 8 of the Federal Rules of Civil Procedure in failing to state "who did what to whom"; instead, Plaintiff's allegations merely "lump" the Defendants (six named and John and Jane Does 1-10) altogether in asserting each factual statement or legal conclusion. *See* Am. Compl. ¶¶ 17-103, DE 19. Further, Judge Jones notes that Plaintiff has filed actions based on the same or similar allegations in South Carolina and Florida, both of which (according to Plaintiff) appear to remain pending. Thus, the court finds justice does not warrant transfer, as opposed to dismissal, of this action.

Upon careful review of the M&R and the record presented, and finding no error in law or fact, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for improper venue pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to close this case.

SO ORDERED this 3d day of March, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE